Turner v. O'Brien.

W. R. TURNER, PLAINTIFF IN ERROR, v. SAMUEL O'BRIEN, DEFENDANT IN ERROR.

1. **Evidence**: MALICIOUS PROSECUTION. In an action for malicious prosecution the defendant is competent to testify as to his belief in the guilt of the plaintiff, when the prosecution was commenced; and, that he instituted the prosecution without malice, or in accordance with the opinion of counsel first obtained.

2. **Malicious Prosecution**: LARCENY. Mere conversion of property is not larceny, and information of such conversion constitutes no grounds of probable cause as a defense to such action.

3. ———: ———. It is the duty of the court to determine whether the proof of certain facts constitute probable cause, and it is error to submit this question to the jury. It is the duty of the jury to say what facts are proved, and to decide on the weight of evidence and the credibility of witnesses.

ERROR to the district court of Dodge county. Tried below before POST, J. It was an action by Turner against O'Brien to recover damages for causing the said Turner to be arrested and imprisoned on a charge of grand larceny. The jury found in favor of the defendant, and Turner brought the cause here by petition in error.

*N. H. Bell*, for plaintiff in error.

To maintain an action for this injury the plaintiff must prove,

*First.* That he has been prosecuted by the defendant, either criminally or in a civil suit; and that the prosecution is at an end.

*Second.* That it was instituted maliciously and without probable cause.

*Third.* That he has thereby sustained damage. 2 Green. on Ev., Sec. 449.

Malice may be either expressed or implied, and the jury may infer it from a want of probable cause, but they are not bound to do so. Probable cause is a mixed

question of law and fact, and is defined to be a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious and prudent man in believing that the party is guilty of the offense charged. *Munns v. Dupont.* 3 Wash C. C. R. 31. And whether probable cause exists depends, not upon the actual facts of the case, but upon the question, whether the person making the charge had reasonable grounds to believe in its truth. *Shaul v. Brown,* 28 Iowa, 37.

*W. A. Marlow,* for defendant in error.

It is competent for the defendant in an action for malicious prosecution to testify that at the time he commenced the prosecution complained of, he believed the plaintiff was guilty of the charge made against him. Gen. Statutes, Sec. 328, page 581. *White v. Tucker,* 16 Ohio State, 468. *McKown v. Hunter,* 30 N. Y., 625–628. 1 Greenleaf Ev., Sec. 455.

Probable cause does not depend upon the actual guilt or innocence of the accused, but upon the reasonable ground of belief of the prosecutor concerning such guilt or innocence. *Miller v. Milligan,* 48 Barb., 30. *Scanlan v. Cowley,* 2 Hilt., 489.

Gantt, J.

This is an action for a malicious prosecution, and the essential grounds on which it rests, are malice and want of probable cause. Hence, to maintain the action, the plaintiff must prove both these elements, or introduce evidence from which both may be fairly and legitimately inferred; for, notwithstanding the prosecution may be malicious, yet, if there be sufficient probable cause for its institution, the action cannot be sustained. But, if want of probable cause is established by the proofs in

the case, then malice may be, and most commonly is inferred. *Merriman v. Mitchell*, 13 Me., 439. *Hall v. Hawkins*, 5 Humph., 357. *Wood v. Weir*, 5. B. Mon., 544.

The defendant, however, may show the existence of probable cause, the absence of malice, or that he acted under an honest belief, that the plaintiff was guilty of the offense with which he was charged; but this belief must have been founded on such reasonable grounds and circumstances as would have induced a man of ordinary prudence and discretion to believe in the guilt, and expect the conviction of the person charged with the crime. Therefore, the essential elements which constitute grounds of defense, in an action for malicious prosecution, are absence of malice, an honest belief in the guilt of the person charged, and a "reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person is guilty of the offense with which he is charged." And these last two elements must unite; for, good faith, merely, may be based upon mere conjecture—it may be founded upon mere suspicion, unsupported by any act or circumstance tending to show that the accused is guilty, and, hence, belief itself will not protect the prosecution from liability. In *Winebiddle v. Porterfield*, 9 Pa. St., 139, it is said, " that mere belief of the prosecutor is not evidence of probable cause. How are you to test the sincerity of a professed belief, or know that it is not the secret work of a heart to cover malice? There must be some circumstances which would authorize a reasonable man to entertain a belief. If, however, it can fairly be inferred from the circumstances of the case, that the prosecutor was actuated by an honest and fair intent to bring a suspected culprit to justice, on grounds sufficient to authorize the belief of a cautious man, it will remove all grounds for

a just inference of malice, and thus protect the defendant; but his mere professed belief will not."

Now, as the defendant may show absence of malice, belief and circumstances constituting probable cause, and as all these are matters of fact to be submitted to the determination of the jury upon the evidence in the case, is the defendant a competent witness to testify in respect to these subjects of defense? Under the civil code, a party to an action is a competent witness, except when the adverse party is an executor, administrator, or legal representative of a deceased person. If, then, he is a competent witness, upon what principle shall he be excluded from testifying to any fact material to the issue in the case?

Belief is a material issue of fact in an action for a malicious prosecution, and so is malice. *Potter v. Scales*, 8 Cal., 220. The former, together with the circumstances of probable cause, must be established by evidence to sustain the defense of justification, the latter to maintain the action on the part of the plaintiff. These are not mere matters of conclusion, but facts which must be decided by the jury upon the evidence in the case. And if the defendant is excluded from testifying as to the fact of belief, or malice, upon what principle can he testify as to the circumstances of probable cause, or any other fact material to the issue? The law makes him a competent witness, and draws no line as to what facts, controverted by the pleadings, he may testify, and what he may not; and, therefore, he may testify generally to all such material facts, and the jury must, under all the circumstances of the case, decide upon the credibility of his testimony.

In *McKown v. Hunter*, 30 N. Y., 625, it was held, that a defendant in an action for a malicious prosecution, may testify, that at the time he made the complaint, he

believed the plaintiff was guilty of the charge made against him; and it is said, that he "had the right, when on the stand, to have the benefit of all the inferences which could be legitimately made in his favor before the jury, from testifying to the fact in a direct and positive manner before them, aided by such impressions as would be made upon the jury by his appearance, manner and mode of testifying." In *Kerrains v. The People*, 60 N. Y., 229, in which the offense charged was an assault with a deadly weapon with intent to kill, it is said: "that when the motive of a witness, in performing a particular act, or making a particular declaration, becomes a material issue in a cause, or reflects important light upon such issue, he may himself be sworn in regard to it, notwithstanding the difficulty of furnishing contradictory evidence, and notwithstanding the diminished credit to which his testimony may be entitled, as coming from the mouth of an interested witness." *White v. Tucker*, 16 Ohio St., 468.

We must conclude, under the law, that there is no error in the admission of the testimony of the defendant, in regard to his belief in the guilt of the plaintiff, when he commenced the prosecution against him, and that he instituted the prosecution without malice. It was properly admitted by the court below.

And for the reasons stated above, the testimony of the defendant, in respect to taking the advice of an attorney in relation to the matter, previous to the commencement of the prosecution, was also properly admitted.

But to repel the imputation of malice, or establish probable cause, by such evidence, it must "appear in proof, that the opinion of counsel was fairly asked upon the real facts, and not upon statements which conceal the truth or misrepresent the cause of action. If the law were otherwise, nothing would be more easy than to shelter the most malicious prosecution under the opinion of

counsel, honestly given, but under a total mistake of the facts." He must not withhold any fact or information from his counsel; but on the contrary, he must fairly, fully and honestly, inform his counsel of all the facts and information known to himself, and then he must pursue the course pointed out by his legal adviser. *Stone v. Swift*, 4 Pick., 389. *Blunt v. Little*, 3 Mason, U. S., 102. *Turner v. Walker*, 3 Gill. & John., 377. And it is properly a question for the jury to decide upon the evidence, whether the prosecutor acted *bona fide* on the opinion given to him by his professional adviser. *Hall v. Suydam*, 6 Barb., 88.

The court charged the jury, that: "If they find from the evidence, that at the time the defendant commenced the prosecution against the plaintiff, on the charge of larceny before the magistrate, he had been informed, that the plaintiff, either alone, or with others, was converting the property, or had converted the property of the defendant, to his own use, and that defendant believed such statements to be true, and if they further find, that such information was of such character as to warrant a cautious man, that is, a man of ordinary prudence, in believing the plaintiff guilty of the offense charged, and that the defendant did so believe, then the defendant would not be liable in this action." I think this charge was error. In *Travis v. Smith*, 1 Pa. St., 237, it is said that, "as the authority to institute a criminal prosecution, and the extent of that authority, are derived from the law, the law must judge of its exercise; it is, therefore, the duty of the court to determine whether the proof of certain facts constitute probable cause, and it is error to submit that question to the jury. The duty of the jury is to say what facts are proved; and for that purpose, they are to decide on the weight of the evidence, the credibility of witnesses, the truth of conflicting allegations. The general question of probable cause is then a

mixed question of law and fact, composing two distinct inquiries, both considered at the same time on a jury trial but yet cognizable before two distinct tribunals, each of which discharges its proper function."

In the instruction, the court stated the nature and character of the fact to be proved, namely, the mere conversion of property, and then threw upon the jury to determine, whether such fact or circumstance constituted probable cause, or in other words, would warrant a man of ordinary prudence to believe the plaintiff was guilty of the offense charged. It is the duty of the court to determine whether such fact, if found, constituted probable cause, or a reasonable ground of suspicion, sufficient to warrant a cautious man in the belief that the plaintiff was guilty of larceny; and it was error to submit this question to the jury.

But suppose the plaintiff had converted to his use property of the defendant, and the defendant had been informed of the fact, would such an act constitute probable cause, or warrant a cautious man in believing the plaintiff to be guilty of larceny?

Mere conversion of property is not larceny. The instruction omits "that important ingredient, that which distinguishes larceny from a simple trespass, viz: the *animus furandi*, without which a taking is no larceny * * * The taking must be with a felonious intent, otherwise there is no larceny." Mere conversion of property, or simply trespass, is no ground of probable cause, nor for belief in the guilt in the party; and, therefore, the instruction was not only erroneous, but was also greatly calculated to mislead the jury. *Thompson v. The State*, 4 Neb., 528.

The judgment of the court below must be reversed, and the cause remanded for trial *de novo*.

JUDGMENT REVERSED.