ALEXANDER WERTHEIM, PLAINTIFF IN ERROR, v. SOLOMON ALTSCHULER ET AL, DEFENDANTS IN ERROR.

1. Malicious Prosecution: MALICE. In an action to recover damages for a malicious prosecution, the jury may infer the existence of malice from the total want of probable cause for the prosecution.

2. Practice: NON SUIT. When upon every material issue there is evidence sufficient to support a verdict for the plaintiff, a non suit is improper. Evidence examined, and found to bring the case within this rule.

ERROR to the district court for Madison county. Tried below before BARNES, J.

*James L. Brown* and *Robertson & Campbell*, for plaintiff in error:

*C. A. Baldwin,* for defendant in error.

LAKE, CH. J.

This is a petition in error from Madison county, and the question to be answered is whether the plaintiff, on the trial of the action in the court below, was properly non-suited.

The action was brought to recover damages for an alleged malicious prosecution of the plaintiff by the defendants for the crime of forgery. The petition set forth properly the fact of the procuring of an indictment of the plaintiff by the defendants, and his subsequent trial and acquittal of the charge in Douglas county, and that, in what the defendants did, they acted maliciously and without probable cause.

The defendants admit in their answer that they were witnesses before the grand jury of Douglas county, and that it was upon their testimony that the indictment was found. They also admit that the plaintiff was tried and duly acquitted of the charge. The only material matters of the petition put in issue are the alleged want of probable cause, malice, and damages. The forgery charged against the plaintiff, and for which he was indicted, was of a receipt, of which the following is a copy:

"Omaha, Neb. Received of Alexander Wertheim, in full, of furniture by me to him sold, on and before this date, eighty-six dollars. S. Altschuler by Mari Altschuler, Nov. 7th, 1874."

Upon the issues thus formed, the plaintiff on the trial proved very conclusively, we think, that this prosecution was commenced and carried forward at the instigation of the defendants, or at least of one of them, viz: Solomon Altschuler. And he introduced testimony tending very strongly to prove that this was done both without any probable cause, and maliciously. For instance, the plaintiff, who was a witness in his own behalf, testified

that the receipt in question was executed, as it purports. to have been, by Mrs. Altschuler herself, at or about the time of its date, and for the purpose which it expresses. That Mrs. Altschuler is his sister, with whose handwriting he is well acquainted, and that he knows the signature to be hers. And in this the plaintiff is fully corroborated by his wife, who testifies that she accompanied Mrs. Altschuler to the office of Mr. Sedgwick, an attorney, who wrote the body of the receipt, which Mrs. Altschuler there signed and immediately went to the plaintiff and handed it to him, saying as she did so, "Here, Alex., this makes us all right." And both of these witnesses testify that they had divers conversations with Solomon Altschuler before the commencement of the criminal prosecution, in which he said of the receipt, that "It was all right;" that the money which it represented, his wife "had given up to him," etc. This testimony would certainly have warranted the jury in finding that the defendants were without probable cause in this prosecution.

On the question of malice, there was considerable direct testimony. The witness, W. H. Harris, testified that he had conversations with Solomon Altschuler about the time of the commencement of the prosecution, in which he said "he would have him (Wertheim) put in the lock-up, or something of that kind, for forgery. I think it was for forging a receipt." And another witness, E. O. Wellberger, heard Altschuler say "when he came back from Omaha where he had him (Wertheim) indicted," "that he had him indicted and where he wanted him." Also Charles Wellberger, in answer to a question as to what he had heard Solomon Altschuler say about the prosecution; "He said Mr. Wertheim was indicted in Omaha, and he had him now where it would cost him something to get through." There was other testimony of like import, but this will suffice to show that Solomon Altschuler

was actuated by express malice in procuring the prose-cution of the plaintiff. But even without this direct evidence of malice the jury would have been warranted in inferring it from the total want of probable cause, which was clearly established. 2 Greenleaf on Ev., sec. 453, note 1. *Turner v. O'Brien*, 5 Neb., 542.

We are of opinion that upon every material issue there was ample evidence to support a verdict in favor of the plaintiff. Such being the case, the motion for a non-suit was improperly granted. The judgment, therefore, must be reversed, and a new trial ordered.

REVERSED AND REMANDED.