JENS JENSEN v. LOTTA E. HALSTEAD.

FILED FEBRUARY 6, 1901.   No. 9,325.

1. Verdict on Conflicting Evidence. Verdict of a jury on conflicting evidence will not be disturbed on review.

2. Malicious Prosecution: ADVICE OF COUNSEL. One who, before instituting a criminal prosecution, makes a full, fair and honest statement to an attorney of all the facts within his knowledge, or which he could have ascertained by the exercise of reasonable diligence, bearing upon the guilt of the accused, and in good faith acts upon his advice, will not be liable in an action for malicious prosecution. But if he withholds from counsel any material facts within his knowledge, the advice received will afford him no protection.

3. ————: DISCLOSURES TO COUNSEL: TESTIMONY: CONCLUSION. The defendant in an action for malicious prosecution will not be permitted to testify that he related to his counsel, before instituting the criminal prosecution, all the facts and circumstances within his knowledge, as it would be the statement of a mere conclusion, which it is the province of the jury to draw from the entire evidence adduced on the trial.

4. ———: INSTRUCTION: REVERSIBLE ERROR. In an action for malicious prosecution it is reversible error to instruct the jury that the information which will justify the making of a criminal complaint against another must be of such a character and obtained from such a source that business men generally, of ordinary care, prudence and discretion would feel authorized in acting thereon.

5. Instruction. An instruction is erroneous which contains conflicting statements of law.

ERROR from the district court for Douglas county. Tried below before FAWCETT, J. *Reversed.*

*I. J. Dunn,* for plaintiff in error.

*Charles W. Haller, contra.*

NORVAL, C. J.

This is an error proceeding from a judgment of the district court of Douglas county in an action wherein Mrs. Lotta Halstead was plaintiff and Jens Jensen was defendant. Jensen had caused the arrest of Mrs. Halstead on a charge of malicious destruction of property, of which charge she had, on trial, been acquitted. She thereupon brought an action against him for malicious prosecution, in which she was successful. Some sixteen alleged errors, out of the remarkable number of thirty-eight assigned, are insisted upon in the brief of counsel. These, however, can be grouped under more general heads, thus obviating the tediousness of referring to each separately. Several of the alleged errors go to the question of whether there is evidence in the record from which the jury could find that in bringing the criminal prosecution Jensen was actuated by malice, or whether there was on his part want of probable cause. Counsel cite the court to the evidence of the defendant to establish the fact that the jury were not justified in finding there was either malice or probable cause. Unfortunately for counsel, the testimony of plaintiff and defendant was contradictory in many material particulars. We have

carefully reviewed the record, and the conclusion is irresistible that if the jury believed plaintiff, and the verdict would indicate that it did, rather than defendant, it was justified in finding that he had no probable cause in causing her arrest on the criminal charge, and that in so doing he was actuated by malicious motives. The arrest of plaintiff on the criminal charge grew out of the removal by her of a certain hall rack, which had been attached to a house belonging to defendant, in which she was a tenant. It is claimed that she had no legal right to take this hall rack down, and, therefore, defendant was justified in believing that she acted maliciously in so doing. We do not so conclude. That she had no legal right to take it down (if such be a fact) would not make her act malicious; neither would the fact alone that she had torn it down without color of right justify him in believing that she acted maliciously. What construction he was warranted in putting upon her acts depended entirely upon her motive in the premises, as disclosed by the evidence. Had the jury believed defendant, it would have been authorized in concluding that she acted maliciously in taking down this rack, and that he was, therefore, justified in causing her arrest. As already stated, evidence was adduced by her which tended to establish the contrary; therefore we can not disturb the verdict.

Defendant pleaded as a defense to the cause of action of plaintiff that before instituting the criminal prosecution he had disclosed all the material facts to his counsel, and acted on his advice in bringing the same. Upon the stand he testified to what he stated to his counsel. It is contended that this constituted a defense to the present action, and that the jury should have found for the defendant. If they believed the statements of defendant and his counsel to have been the facts in the case, the jury certainly should have found in his favor. Unfortunately for him again, what he claimed to be the material facts, detailed to his counsel, failed to agree with those

testified to by plaintiff and her witnesses, which he must have known, and it must be presumed that the jury believed her. If it did, it was justified in reaching the conclusion that defendant failed to truthfully detail to his counsel all. of the material facts that must have been within his knowledge; hence his defense, from the standpoint of the jury. failed him. *Manning v. Finn*, 23 Nebr., 511; *Dreyfus v. Aul*, 29 Nebr., 191; *Jonasen v. Kennedy*, 39 Nebr., 313.

Error is further predicated upon the ruling of the court sustaining an objection to the following question put to defendant by his counsel: "Q. I will now ask you, Mr. Jensen, if, when you went to the office of your attorney on the second day of July, before this complaint was filed, if you detailed to him all of the facts and circumstances so far as you knew or were able to learn at that time with reference to this matter?" The objection was that the question called for a conclusion. This ruling was proper. The conclusion called for was a very material one, wholly within the province of the jury, whose duty it was to infer this conclusion, or its opposite, from the evidence. It is argued that, although he had already stated what he had communicated to his counsel, an answer to this question was necessary in order to establish the fact that he had detailed to him all the facts that were at that time within his knowledge. Doubtless a question which sought to draw from him a statement that what he had told his counsel was all that he knew at the time of the communication might have been proper, as it would not have involved the objectionable part of the question propounded. However that may be, the question actually put was certainly properly excluded by the court.

Several errors are predicated upon instructions given by the court; among them the following instruction is duly excepted to and the giving of it urged in the brief as error: "The information that will justify the making of a criminal complaint against another for the purpose

of having him arrested must be of such character and
obtained from such sources that business men generally,
of ordinary care, prudence and discretion would feel au-
thorized to act upon it under similar circumstances. And
in this case, if the jury believe from the evidence that
the defendant made the alleged affidavit before the police
judge for the arrest of the plaintiff, and that she was
arrested in consequence thereof, then it is a question of
fact to be determined by the jury from the evidence
whether the defendant, when he made the complaint,
acted upon such information as a man of ordinary care,
prudence and discretion would have felt warranted in
acting upon under similar circumstances." There was
undoubtedly error committed by the court in the first
part of this instruction. The jury were confined to a
certain class of men of ordinary care and prudence, to-
wit, to business men. Now, the law knows no distinc-
tions relative to men of prudence and discretion, the rule
applies to all men of ordinary care and prudence regard-
less of their calling in life, or their mental attainments,
or lack of them. A juror might believe that the defend-
ant had acted, in the respects pointed out, with a degree
of care equal to what would be expected of a lawyer, a
physician, a laborer, a mechanic or a minister of the
gospel of ordinary care and prudence, but not with a
degree of prudence and discretion to be expected from a
business man of that character; hence there was error in
giving the instruction, although the latter part of the
same instruction may have stated the rule correctly, for
the jury were justified in assuming that the court re-
ferred in that part to the same class of persons referred
to in the first part,—to business men rather than to men
generally, of ordinary prudence and discretion. At best,
the instruction is misleading, for one portion of the jury
may have followed the first part of the instruction, and
another the latter. The error, too, is of a character that
can not be cured by giving another—correct instruction.
In a great many cases this court has announced the rule

that an instruction which mistates the law can not be cured by another instruction which states it correctly, since the jury would be left in doubt as to which was correct. *Bank v. Lowrey*, 36 Nebr., 290; *Carson v. Stevens*, 40 Nebr., 112; *Richardson v. Halstead*, 44 Nebr., 606; *Barr v. State*, 45 Nebr.. 458; *Metz v. State*, 46 Nebr., 547. Hence there was prejudicial error in giving this instruction, and for that reason the case must be reversed.

Numerous other objections are raised to the instructions, which it is unnecesary to notice.

For the reasons stated the judgment of the lower court is reversed.

REVERSED AND REMANDED.