CURTIS HUDSON, APPELLANT, V. GEORGE F. TRUMAN ET AL., APPELLEES.

FILED MAY 10, 1907. No. 14,724.

1. **Appeal: VERDICT: EVIDENCE.** A verdict upon conflicting evidence will not be disturbed unless the evidence is clearly insufficient to sustain it.

2. **Malicious Prosecution: PROBABLE CAUSE.** A criminal prosecution from malicious motives is not a cause of action for damages, if there was a probable cause.

3. **Instructions.** Error cannot be assigned for the refusal of an instruction, the substance of which is contained in instructions given by the court of his own motion.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Affirmed.*

*J. M. Guile, B. F. Johnson* and *H. F. Guile,* for appellant.

*Field, Ricketts & Ricketts, contra.*

Ames, C.

The defendants caused the plaintiff to be arrested upon a criminal charge for an alleged felonious embezzlement. There was a preliminary examination before a justice of the peace, as a result of which the plaintiff was discharged from custody.  This is an action to recover damages for the arrest as having been malicious and without probable cause.  As to whether it was either the evidence is conflicting, and there was a verdict and judgment for the defendants, from which the plaintiff appealed.

Appellant insists that the verdict is not sustained by the evidence, but we are convinced, upon an examination of the record, that it was so far conflicting in essential respects that a determination of its weight and sufficiency was within the sole province of the jury.  A review of it in this opinion would serve no useful purpose.

Appellant also complains of a refusal by the court to give to the jury each of four instructions tendered by him on the trial.  The first two request that the jury be told, in substance, that a criminal prosecution for any other purpose than to bring the accused person to justice, or for the purpose or with the motive of compelling the payment of a sum of money claimed to be due from him, is a malicious prosecution, entitling the accused to a recovery in an action for damages therefor.  These proposed instructions were faulty, and their refusal was not error because of the omitted mention of the indispensable element of want of probable cause.  Although the prosecution may have been malicious, yet if there was probable cause an action for malicious prosecution will not lie. *Turner v. O'Brien,* 5 Neb. 542; *Dreyfus v. Aul,* 29 Neb. 191.

The third request asked that the jury be told that it was a presumption of law that the plaintiff was of good character at the time of his arrest, and that such presumption remained unless removed by sufficient evidence, and should be taken into consideration in determining the

question of probable cause. We have been cited to no authority in support of such an instruction, and it appears to us that the conduct rather than the character of the plaintiff was in issue. His character may have been unimpeachable, and his innocence, after investigation, indisputable, and yet it may have been his misfortune that sinister circumstances created a strong probability of his guilt at the time of the beginning of the prosecution. In short, it does not appear to us that his character was in issue except in so far as it was involved in the very accusation made against him. The fourth request, in so far as it was free from fault, which it was not entirely, was included in the instructions given by the court of its own motion, which was not excepted to and concerning which no complaint is made.

It is recommended that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.