DANIEL B. DUFFY, APPELLEE, V. FRED SCHEERGER,
APPELLANT.

FILED MAY 29, 1912.   No. 16,745.

1. False Imprisonment: EVIDENCE. The defendant filed a complaint
which failed to charge a criminal offense before a justice of the
peace, upon which he requested that a warrant be issued. This
was done, and at his direction plaintiff was arrested and held
in custody for several hours. Defendant failed to appear upon
the hearing and the plaintiff was discharged. *Held*, That the
facts in evidence sustain a verdict on a cause of action for false
imprisonment.

2. Limitation of Actions: FALSE IMPRISONMENT: AMENDMENT OF PE-
TITION. Where a petition stating a cause of action for false im-
prisonment is filed within one year from the time the cause of
action accrued, the filing, after the expiration of one year, of an
amended petition amplifying the allegations is not the beginning
of the action, and the cause of action is not barred.

3. Malicious Prosecution: ACTING ON ADVICE OF COUNSEL. As a gen-
eral rule, "one who, before instituting a criminal prosecution,
makes a full, fair and honest statement to an attorney of all the
facts within his knowledge, or which he could have ascertained
by the exercise of reasonable diligence, bearing upon the guilt of
the accused, and in good faith acts upon his advice, will not be
liable in an action for malicious prosecution." *Jensen v. Hal-
stead*, 61 Neb. 249.

4. Appeal: MOTION FOR NEW TRIAL: RECORD. Affidavits purporting to
have been used in support of a motion for a new trial, but which
are not included in a bill of exceptions settled by the trial judge,
cannot be considered.

APPEAL from the district court for Madison county:
ANSON A. WELCH, JUDGE. *Reversed with directions.*

*Willis E. Reed*, for appellant.

*J. C. Engleman* and *Mapes & Hazen*, contra.

LETTON, J.

This is an action for malicious prosecution and false

imprisonment. The first cause of action alleges that the plaintiff, on the 11th day of October, 1906, was arrested and imprisoned upon a warrant issued upon the following complaint: "The complaint of Fred Scheerger made before me, E. G. Dennis, a justice of the peace in and for Madison county, who, being sworn, deposes and says that on the 10th day of October, 1906, in the county of Madison, and state of Nebraska, D. B. Duffy, Elwood Duffy and William Duffy, did, by force, take and carry away one safe belonging to complainant, and still withholds the same. Fred Scheerger. Subscribed in my presence and sworn to before me this 10th day of October, 1906." That at the time the complaint was filed the defendant requested that a warrant for the arrest of plaintiff be issued, and that pursuant to the request the warrant was issued and delivered to a constable, who arrested the plaintiff and kept him in custody from 10 o'clock in the forenoon until 2 o'clock in the afternoon of that day; that the complaint did not charge a criminal offense, and that the arrest was made with improper motives and with the malicious purpose to coerce plaintiff into the giving of security upon an obligation in defendant's favor.

The second cause of action is for malicious prosecution on the charge of unlawfully selling and disposing of mortgaged property without the consent of the mortgagee. It is alleged that a warrant was issued on this complaint, that plaintiff was arrested and a trial had and plaintiff acquitted of the charge. Damages are laid at $2,087.80.

The answer is a general denial, except that it is admitted that the defendant signed the complaint set forth in the first cause of action, and that such complaint does not state a public offense under the laws of the state of Nebraska. The defendant also admits signing the complaint alleged in the second cause of action, the issuance of a warrant and arrest of plaintiff thereupon, the final hearing and the acquittal and discharge of the plaintiff. As a defense, however, the answer pleads a full, fair and honest disclosure to the county attorney of all the facts

within the knowledge of the defendant, and that upon his advice as county attorney the complaint was drawn by that officer and sworn to by the defendant, and that the prosecution was had in all respects in the utmost good faith; that the defendant is a German, who cannot speak or understand the English language very well and had no knowledge of legal terms and phrases, and that he relied upon the counsel and advice of the county attorney and of one Kilbourn, a practicing attorney, to whom he fully disclosed all the facts within his knowledge, and that he took no steps to prosecute the plaintiff without such advice. The statute of limitations is also pleaded as to the first cause of action. The jury found for the plaintiff on both causes of action, and assessed his damages on the first at $417 and on the second at $583.

It is contended that the first cause of action did not accrue within one year after the wrong complained of and is barred by the provisions of section 13 of the code. The original petition in the case was filed in March, 1907. The wrong was committed in October, 1906. This was within the time limited by the statute. The fact that an amended petition was afterwards filed amplifying the charge did not make the filing of the amended petition the beginning of the action. It is admitted that the complaint does not charge an offense. The evidence supports a finding that the plaintiff threatened the arrest and afterwards directed the officer holding the warrant to execute it. The evidence as to this cause of action convinces us that it amply supports the verdict of the jury.

The evidence as to the second cause of action shows that Scheerger had been engaged in the agricultural implement business at Battle Creek, Nebraska; that he sold his stock and business to Duffy; that, afterwards, a car of goods came in consigned to Scheerger, which Duffy bought. He gave his note for the purchase price of these goods, and to secure this obligation executed a chattel mortgage upon the property, which consisted of manure spreaders and other implements. With the oral consent

36

of defendant, the plaintiff proceeded to sell part of the mortgaged property, with the understanding between them that he should deposit in a bank for Scheerger the proceeds of the sales. Afterwards, a dispute arising between them with reference to the account, the defendant, who is a German apparently of somewhat irascible temperament, and who is unable to speak the English language with facility and is unable to understand more than ordinary colloquial speech, employed one Kilbourn, a practicing attorney in good standing at the Madison county bar, and fully disclosed to him all the facts and circumstances in the matter. Kilbourn advised him that Duffy was liable to prosecution for selling the mortgaged property without consent in writing; but, being unwilling to proceed in the matter except under the advice and direction of the county attorney, he went with Mr. Scheerger to the office of Jack Koeningstein, county attorney. At that time and place Kilbourn and Scheerger fully disclosed to the county attorney the facts as to the giving of the mortgage, and the oral consent given by Scheerger that Duffy sell the mortgaged property. The county attorney testifies that he objected at first to bringing the prosecution on the ground that oral consent given to sell mortgaged property might be held sufficient by the court; but, upon Mr. Kilbourn calling his attention to an opinion of the supreme court, he was of the opinion that the facts justified the prosecution, but he required Scheerger to give security for the costs, so as to protect the county in any event. A complaint was then drawn, either by him or Kilbourn, which was sworn to by Scheerger. The plaintiff was afterwards arrested on this complaint, a hearing had, and he was discharged.

There is evidence that before the visit was made to the county attorney Kilbourn told Duffy's attorney that there was about $1,000 due Scheerger on the Duffy note, and that unless the note was paid he would prosecute Duffy for selling mortgaged property; that unless permission to sell the mortgaged property was in writing the defendant

would be guilty, and unless the note was paid at once he would send Duffy to the penitentiary. Hazen further testifies that Scheerger said nothing, except that he nodded his head several times. In relation to this incident, Scheerger testifies that he took no part in the conversation and did not know what Kilbourn was about to say until after he had said it. The evidence is clear that a full and complete disclosure was made to Kilbourn, and that Scheerger relied in good faith on his advice and followed his directions. It is clear that Scheerger wanted to collect his money and that this was his purpose in consulting Kilbourn, but the moving spirit in most prosecutions for the unlawful selling of mortgaged property is the failure to receive the proceeds of the sale and the resentment occasioned by such failure. Scheerger was evidently out of patience, but it is equally evident that he took no steps until advised to do so, and that he relied upon his lawyer for advice and directions in the whole matter. The sinister presumption as to want of probable cause and malice where the prosecution is brought only to collect a debt cannot we think be applied under all the testimony. In this connection the facts as to Scheerger's nationality and ignorance of the English language become material.

Under the facts in the record, the familiar principle must be applied that "one who, before instituting a criminal prosecution, makes a full, fair and honest statement to an attorney of all the facts within his knowledge, or which he could have ascertained by the exercise of reasonable diligence, bearing upon the guilt of the accused, and in good faith acts upon his advice, will not be liable in an action for malicious prosecution." *Jensen v. Halstead,* 61 Neb. 249; *Biddle v. Jenkins,* 61 Neb. 400; *Gillispie v. Stafford,* 4 Neb. (Unof.) 873; *Van Meter v. Bass,* 40 Colo. 78, 18 L. R. A. n. s. 49, and note. We are convinced that the evidence clearly sustains the defense pleaded, and that the verdict and judgment on the second cause of action are erroneous and must be set aside.

Complaint is made that the verdict upon each cause of action was arrived at by chance, and what purports to be copies of certain affidavits of jurors are found in the transcript. The affidavits, not being in the bill of exceptions settled by the trial judge, cannot be considered. *Gray v. Godfrey,* 43 Neb. 672.

We find it unnecessary to examine the other errors assigned.

The judgment of the district court is therefore reversed and the cause remanded, with directions to the district court to render judgment upon the verdict of the jury upon the first cause of action, with interest from the date of its return, and costs, and to dismiss the second cause of action; each party to pay his own costs in this court.

REVERSED.