HELEN M. MCHUGH, APPELLEE, V. WILLIAM S. RIDGELL, APPELLANT.

FILED NOVEMBER 10, 1920. No. 21174.

1. **Malicious Prosecution:** PROBABLE CAUSE: QUESTION OF LAW. Whether the facts and circumstances established by uncontradicted evidence amount to probable cause in an action for malicious prosecution is a question of law for the court, and not an issue of fact for the jury.

2. ———: ———. Such facts and circumstances as would lead an unprejudiced person of ordinary prudence and intelligence to believe that accused is guilty of a crime which some one has in fact committed constitute probable cause for a criminal prosecution.

3. ———: ———. The undisputed facts and circumstances outlined in the opinion *held* to show probable cause for the prosecution of accused for arson as a matter of law.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed, with directions.*

*J. B. Barnes, George W. Ayres* and *Harvey M. Johnson,* for appellant.

*George A. Adams, contra.*

ROSE, J.

This is an action to recover damages in the sum of $10,-125 for malicious prosecution. Plaintiff recovered a verdict and a judgment thereon for $1,500, and defendant has appealed.

The first assignment of error is that the verdict is not supported by the evidence and is contrary to law. Both the facts and the law which control the decision are thus presented.

McHugh v. Ridgell.

While plaintiff and her brother were conducting a laundry in a leased building in Lincoln, an incendiary fire was started in the laundry at night June 29, 1918. Both were charged by defendant with the felony, and were bound over to the district court after a preliminary hearing before a justice of the peace, who found probable cause for the prosecution. In the district court the county attorney charged them with the same felony, but afterward dismissed the prosecution as to plaintiff. Her brother was tried and acquitted. Plaintiff had not been taken to prison, but had given bond to appear in court to answer the charge of arson.

When defendant made the initial complaint he was deputy fire commissioner of the state. As such, it was his statutory duty to investigate the cause, origin and circumstances of every fire occurring in the city of Lincoln. Rev. St. 1913, secs. 2501, 2502. After due investigation and the collection of the necessary data, he was directed by law, among other things, as follows:

"If he shall be of the opinion that there is evidence sufficient to charge any person with the crime of arson, he shall cause such person to be arrested and charged with such offense." Rev. St. 1913, sec. 2503.

In the action for malicious prosecution defendant pleaded his privileges as a public officer, prosecution in good faith, full disclosure to, and advice of, the county attorney, and probable cause. After a thorough examination of the record and the law applicable to undisputed facts, it has been found necessary to discuss only the defense of probable cause.

Whether facts and circumstances established by uncontradicted evidence amount to probable cause for a criminal prosecution is a question of law for the court, and not an issue of fact for the jury. This is not only the law of Nebraska, but is a generally accepted rule. *Turner v. O'Brien,* 5 Neb. 542; *Dreyfus v. Aul,* 29 Neb. 191; *Nehr v. Dobbs,* 47 Neb. 863; *Bechel v. Pacific Express Co.,* 65 Neb. 826; *Bank of Miller v. Richmon,* 68 Neb. 731; *Clark v. Folkers,* 1 Neb. (Unof.) 96; and other cases cited in note in L. R. A. 1915D

5, 8 (*Michael v. Matson*, 81 Kan. 360). The principle of law applicable has been stated in this form:

"In an action for malicious prosecution where there is sufficient undisputed evidence to show probable cause, the trial court should direct a verdict for the defendant." *Bechel v. Pacific Express Co.*, 65 Neb. 826.

This doctrine is founded on public policy and is essential to the welfare of society. Those who feloniously destroy property, and thus endanger lives, should be brought before the bar of justice. Individuals and officers having knowledge of felonies should not be unnecessarily deterred from becoming informers by the fear of incurring liability for damages for malicious prosecution. The law recognizes the interests of the state and the proper protection of its informers, as well as the rights of individuals charged with crime. The guilt of accused is not the legal test of probable cause. Such facts and circumstances as would lead an unprejudiced person of ordinary prudence and intelligence to believe that accused is guilty of a crime which some one has in fact committed constitute probable cause as a matter of law. The language of the law is that "what facts and whether particular facts amount to probable cause is a question of law." Where uncontradicted evidence thus shows probable cause, the jury should not be allowed to speculate on the issue.

Testing the conduct of defendant by the principles of law stated, what are the undisputed facts and circumstances which prompted him to accuse plaintiff of arson?

The fire department was called about 3 o'clock in the morning and extinguished the fire before the laundry or the building was destroyed. The chief of the fire department promptly notified defendant of the fire, and requested an official investigation, which was made the same morning. Defendant did not know plaintiff or her brother, and was therefore unprejudiced at the time. When the fire department arrived the doors of the laundry were locked and there was a fire in the interior. A barrel of waste paper saturated with gasoline had been left near the center of the main floor and another on the second

floor.  Both barrels had been partially consumed.  Two or three kerosene cans had been left in the laundry and there was an unusual amount of oil there.  There was conclusive evidence of arson.  Plaintiff and her brother admitted they had been in the laundry as late as 11:30 the night of the fire, and that they left the building together.  The laundry was an insolvent enterprise.  Its property had been recently attached for debt.  It was valued at $4,093.70, according to an inventory jointly made by an underwriter, defendant, and others.  The fire insurance aggregated over $12,000.  A policy of $8,000 had been issued the day before the fire.  Plaintiff and her brother, the latter being owner, operated the laundry together.  Both were unmarried and occupied the same home.  Plaintiff received no stated salary, but her brother provided her with a living and with whatever money she needed.  With the exceptions of plaintiff and her brother there was nothing to indicate that any one had a motive for committing the arson, and there was no incriminating circumstance connecting any one else with it.  It is shown by uncontradicted evidence that defendant had knowledge of these undisputed facts and circumstances before he accused plaintiff of the arson, and they establish probable cause as a matter of law. By other proofs probable cause did not become an issue of fact.  In the office of defendant, as deputy fire commissioner, plaintiff had an opportunity to tell her own story, and she there denied participation in, and knowledge of, the starting of the fire.  She also gave references to persons whom she said would vouch for her good character. On the witness-stand she testified that defendant threatened to arrest her if she did not confess her guilt, but this latter statement was positively denied by defendant.  Accepting, however, all of the testimony in her behalf as verity, it does not raise a question of fact on the issue of probable cause.  Denial of guilt is often found in the pleas and in the testimony of accused persons who are convicted by circumstances which speak louder than words.  The facts and condition outlined herein, notwithstanding the denial, justified an honest belief that plaintiff, though in-

nocent, participated with her brother in the arson. A threat to arrest defendant if she did not confess would imply a belief in her guilt, and that belief, as already explained, is justified by facts and circumstances proved by evidence not disputed. Defendant was not responsible for the incriminating incidents pointing to plaintiff's guilt. Plaintiff did not make a case for the consideration of the jury, and the verdict is not supported by the evidence. It is contrary to law.

For the reasons stated, the judgment of the district court is reversed, with directions to dismiss the action at the costs of plaintiff in both courts.

REVERSED.

MORRISSEY, C. J., and DAY, J., not sitting.