JAMES DE MATTEO, APPELLANT, V. JOSEPH LAPIDUS, APPELLEE.

FILED MARCH 7, 1928. No. 25387.

*John M. Macfarland* and *Gray, Brumbaugh & McNeil,* for appellant.

*Kennedy, Holland, DeLacy & McLaughlin, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and HOWELL, JJ.

HOWELL, J.

This case is here on appeal by appellant who was plaintiff below. The action was instituted in September, 1922, to recover damages from Joseph Lapidus, appellee, for injuries inflicted upon appellant near the corner of Twenty-second and Leavenworth streets, in Omaha, while appellant, traveling on foot, was about to cross Leavenworth street and appellee was driving an automobile east. There have been three trials of the case. Once it resulted in a ten to two verdict for $20,000. On motion that verdict was set aside. The second trial was before Redick, J., the verdict being for $20,000, which was also set aside. The third trial was before Troup, J., resulting in a verdict for $4,000. A new trial was denied appellant. A bill of exceptions was settled following the second trial, which is now before this court. There was no bill of exceptions in the third trial. This court is asked to set aside the order of Redick, J., granting a new trial and to reinstate the judgment for $20,000 entered on verdict in the second trial. The sole question to be determined by this court is whether or not Redick, J., abused the discretion which the law gives to trial judges in granting new trials. It is claimed by appellant that such discretion was abused, while the appellee claims the contrary.

An examination of the pleadings, the evidence given on the second trial, and the memoranda opinion of Redick, J., granting the new trial, drives this court to the conclusion that such discretion was not abused. The evidence shows great conflict between witnesses for the parties to the suit. Much of the evidence given by the witnesses for appellant is manifestly at variance with their former testimony in the first trial and with prior written statements signed by them as to how the accident happened. There was a shifting of grounds from the cause of action stated in the first petition to that set up in the amended petition upon which the second trial was had, which were wholly inconsistent, describing the accident as having taken place in a different location and in a different manner from that first alleged; the facts having been stated by appellant to his attorney in both instances. Some of the testimony was highly improbable. In many of the material matters, appellant's witnesses were sharply contradicted by appellee and a number of disinterested witnesses.

The memoranda opinion of Redick, J., stated he was convinced that grave injustice had been done and that the verdict reflected prejudice and passion. There seems to be no conflict between counsel for appellant and appellee as to the law; rather it is a question of abused discretion. The case of *Schlaifer v. Omaha & C. B. Street R. Co.*, 98 Neb. 207, states: "A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it." *Wells v. Cochran*, 84 Neb. 278, says: "Granting a new trial at the same term a verdict is rendered will not be set aside, unless it clearly and unequivocally appears that there did not exist any tenable ground to support said order, but that the court thereby abused its discretion."

This case is not without its difficulties. It is claimed that the trial judge invaded the province of the jury, hence, as a matter of law, discretion was abused. If it were clear that this was the sole ground, we might be disposed to disapprove interference with the verdict. At least one other ground appears as having influenced the

trial judge, *i. e.*, the amount of the verdict reflects passion and prejudice rather than calm judgment of the jury. At most that question is left in doubt. Under the well nigh universal rule, supported by decisions of this court and many courts of other states, the burden rests upon the complaining party to affirmatively show that there was an abuse of discretion and that there was legal error.

When a judge, as able and upright as the bench and bar know Redick, J., to be, is convinced that a new trial ought to be had of a cause, arrived at by taking into consideration all that took place upon the trial, most of which it is impossible for this court to see and know, we will be slow to question the correctness of his conclusion, and more reluctant to say, as a matter of substantive law, he has abused his discretion. It is not at all infrequent that appellate courts are urged to sustain a doubtful verdict because the same has received the approval of the trial judge. The rule seems to be that "unless it clearly and unequivocally appears that there did not exist any tenable ground to support" such an order, it will not be disturbed by the appellate court; or, stated in another way: "The *nisi prius* court has much better facilities for determining whether justice has been done, and hence its ruling is always presented here with a presumption in its favor." *Conklin v. City of Dubuque,* 54 Ia. 571. In Oklahoma (*Nale v. Herstein,* 94 Okla. 263) the rule is: "This court will not reverse the ruling of the trial court granting a new trial, unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made." That it was proper for the trial judge to consider the conflicting evidence finds support in *Gaster v. Hinkley,* 258 Pac. (Cal. App.) 988, in these words: "If the evidence is conflicting, and it does not appear that the trial court abused his discretion in granting a new trial, his order will not be disturbed on appeal." "This court does not pretend to pass

upon the credibility of witnesses, nor to determine which version of the story was correct. There was, however, a sharp conflict with respect to material facts which it was competent for the trial court to consider upon a motion for new trial."

The granting of a motion for a new trial, which does not deprive a litigant of a fair opportunity to be further heard, is not to be judged as critically as would be an order putting an end to his demands. Without intimating that such took place in this case, a situation might arise where counsel, in argument, too frequently referred to the fact that the defendant carried insurance, appeals to racial prejudice, and similar matters, when taken in connection with improbable testimony, confessions of witnesses of their prior false statements, shifting of positions and taking new holds, while no one of them is conclusive, would convince a trial judge that the verdict is unjust. There might also be instances where the granting of a new trial under such conditions would have a wholesome influence upon a future trial of the same case, as well as in other cases. There is nothing to show this court that the testimony on the third and last trial and that the conduct of that trial were the same as on the second trial. The setting aside of the order made by Redick, J., would necessarily have to be based upon much speculation on our part. Taking the record as a whole, we do not feel justified in disturbing the order.

AFFIRMED.