MADGE M. CLAUSEN, APPELLANT, V. OMAHA LOAN & BUILDING ASSOCIATION, APPELLEE.

FILED NOVEMBER 6, 1936. No. 29714.

*O'Sullivan & Southard* and *T. J. O'Brien,* for appellant.

*Kennedy, Holland, De Lacy & Svoboda, Sidney W. Smith* and *H. W. Shackelford, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, PAINE and CARTER, JJ.

GOSS, C. J.

This is a law action to recover damages for malicious prosecution. Plaintiff appeals from two judgments in two separate trials. On the first trial, before the late Judge Redick, she recovered a verdict and judgment for $17,700. This was set aside. On the second trial, before Judge Sears, plaintiff's action was dismissed when plaintiff rested, at the close of evidence before the jury on behalf of plaintiff. Plaintiff brings up the record on both trials, seeking, first, the restoration of the judgment in the first trial, and, on failure to secure that, second, a reversal of the judgment of dismissal on the second trial.

This action was begun on March 29, 1933, by the filing of a petition, but on some day, not named, but shortly before the first trial (which began February 28, 1934), plaintiff presented an amended petition upon which the case was tried.

The amended petition declared against Omaha Loan & Building Association, a corporation, Sidney Smith, its attorney and official, Penelope Anderson, its attorney and official, Lucile Huff, its employee, and Alfred Nelson, an officer of the Omaha police department. It charged that, on or about March 16, 1933, defendant association falsely and maliciously, and without reasonable or probable cause therefor, induced defendant Alfred Nelson to charge plaintiff with being insane, and that said Nelson did thereupon file such a complaint before the insanity commission of Douglas county, causing that commission to make out a

warrant for apprehension of plaintiff and to arrest and imprison plaintiff; that upon the filing of the complaint plaintiff was arrested and committed to the Douglas county hospital against her will, there placed in a ward with a number of insane people and held incommunicado from 2 p. m., March 16, 1933, to 1 p. m., March 17, 1933, when she was taken before the insanity commission, given a full hearing, and found to be perfectly sane; that plaintiff is 50 years of age and had up until the time of her prosecution a good reputation in the city of Omaha and had innumerable friends and customers, who purchased soap and other toilet preparations from her, by which means she earned her livelihood and maintained her son, who attended Central high school; that defendants Smith, Anderson and Huff testified without reasonable or probable cause before the insanity commission; that plaintiff had been greatly injured in her credit and reputation, brought into public scandal and disgrace, suffered great pain of body and mind, and her income reduced about $25 a week, all to plaintiff's damages in the sum of $50,000, for which she prays judgment.

For its separate answer defendant association admitted its status as a building and loan association, admitted that Sidney Smith was its attorney, that Penelope Anderson was an attorney and an employee of the association, and that Lucile Huff was also its employee; admits that, on March 16, 1933, plaintiff was arrested on a warrant duly issued by the insanity commission, and that on the next day a hearing was had and she was discharged, but defendant denies all other allegations of the petition.

Each of the other defendants made separate answer to the amended petition. It does not appear necessary to notice their answers here because, on the second day of the first trial, these personal defendants were, on their motions, dismissed out of the action, and thereafter it proceeded as against defendant association.

We have not been favored with the reasons of Judge Redick for setting aside the judgment on the verdict of $17,700. It may well have been because the verdict was so

large as, in the light of the evidence, to shock the sensibilities of the court. It may be that he felt he had prejudiced defendant by certain rulings on the admission and exclusion of testimony. By instruction No. 10, the court informed the jury he had stricken from the record six specified and numbered items, testified by or on behalf of plaintiff, as immaterial and instructed them not to consider these items in arriving at a verdict; and instructed the jury that the evidence of Robert A. Nelson, on behalf of defendant, which had been stricken by the court on the trial was restored to the record for their consideration. This may well have been considered by the court as confusing to the jury, as well as precluding defendant from following up the presentation of its evidence, had the rulings been corrected on the taking of evidence, rather than by an instruction. Be that as it may, a trial judge has wide latitude in the use of his discretion in granting a new trial.

In *De Matteo v. Lapidus*, 116 Neb. 549, 218 N. W. 379, there were three trials in an action for personal injuries. The first trial resulted in a ten to two verdict for $20,000. The verdict was set aside. The second trial was before Judge Redick, the verdict being for $20,000, which was also set aside. The third trial was before Judge Troup, resulting in a verdict for $4,000, in which plaintiff (appellant) was denied a new trial. A bill of exceptions was settled following the second trial, and this court was asked to set aside the order of Judge Redick, granting a new trial, and to reinstate the judgment for $20,000 entered on the verdict in the second trial. The sole question was whether the trial judge abused this discretion. As points of law this court held: "An order of the trial court granting a new trial will not ordinarily be disturbed by this court, and not at all unless it clearly appears that no tenable ground existed therefor. * * * An order granting a new trial by a *nisi prius* court which affords a litigant an opportunity to present his claims fairly in another trial will not be scrutinized as closely as would an order putting an end to his demands."

We are of the opinion the trial court did not abuse its

discretion in granting a new or second trial in the case now under review.

What follows relates to the second trial. Judge Redick had dismissed all defendants save defendant association, and the second trial, before Judge Sears, proceeded against the association only.

The charge of insanity against plaintiff grew out of the dealings of the parties through a series of years in relation to a mortgage which defendant held and foreclosed on the home of plaintiff. These dealings were carried on for defendant, of course, by its officers and employees and by its attorney. In their course there is evidence that it was brought to the attention of these parties, partly through the acts and conversation of plaintiff herself with these officers and employees and partly from reports of others who seemed credible, that she had become so disturbed over the prospective loss of possession of her home that she was threatening suicide, threatened to commit that act at the home of one of the officers of defendant, and threatened "to get" one of the officers. Defendant, being a corporation, could act only through its attorney, its officers or employees. An evidently complete disclosure of the facts was made to the attorney of the association and he was directed to take whatever action seemed necessary. Accordingly he advised with some of the officers of the insanity commission as to the procedure and as to whether or not a complaint of insanity should be filed against plaintiff. They advised the filing of a complaint. Thereupon a complaint was caused to be filed; plaintiff was detained under restraint until the next day when a hearing was had and she was discharged. It does not seem advisable or necessary to state in detail the evidence on the further facts leading up to the hearing.

The evidence shows that the attorney made to the insanity commission a full and fair disclosure of all the facts that had come to his attention. These included all facts that were known to defendant or to any of its officers or employees so far as was ascertained at the trial.

"As a general rule, 'one who, before instituting a criminal

prosecution, makes a full, fair and honest statement to an attorney of all the facts within his knowledge, or which he could have ascertained by the exercise of reasonable diligence, bearing upon the guilt of the accused, and in good faith acts upon his advice, will not be liable in an action for malicious prosecution.' " *Duffy v. Scheerger,* 91 Neb. 511, 136 N. W. 724, by Letton, J.; *Jensen v. Halstead,* 61 Neb. 249, 85 N. W. 78, Norval, C. J.

We do not find that the above rule has even been changed or modified by this court. The same rule is stated in 38 C. J. 427-428, citing the above two Nebraska cases, in a full page of citations from many states and from England and Canada, and saying this: "If he shows these things he is entitled to immunity from damages, although it may appear that the facts did not warrant the advice nor the prosecution, or that accused was innocent."

Want of probable cause is an indispensable element of an action for malicious prosecution. 38 C. J. 398; *Cobbey v. State Journal Co.,* 77 Neb. 626, 113 N. W. 224; *Hudson v. Truman,* 78 Neb. 840, 112 N. W. 325.

While some of the facts supporting probable cause were disputed by evidence on behalf of plaintiff, yet there were others undisputed upon which the defense of probable cause might be predicated. In such circumstances we have held that the question of probable cause is one of law for the court. "In an action for malicious prosecution where there is sufficient undisputed evidence to show probable cause, the trial court should direct a verdict for the defendant." *Bechel v. Pacific Express Co.,* 65 Neb. 826, 91 N. W. 853, by Pound, C.; *McHugh v. Ridgell,* 105 Neb. 212, 180 N. W. 75; *Kersenbrock v. Security State Bank,* 120 Neb. 561, 234 N. W. 419.

We are of the opinion the trial court properly considered the evidence a matter of law for the court on the question of probable cause, and committed no error in withdrawing that from the jury and in deciding it in favor of the defendant.

The judgment is

AFFIRMED.