FRANCES NESMITH, APPELLEE, v. ZOE MARIE CLARKE ET AL., APPELLANTS.

280 N. W. 429

FILED JUNE 24, 1938. No. 30361.

*Loren H. Laughlin,* for appellants.

*G. Porter Putnam, Jr.,* and *Bruce Fullerton, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and MESSMORE, JJ.

Goss, C. J.

Plaintiff, a girl between 12 and 13 years of age when injured by a collision with an automobile, obtained a verdict and judgment for $4,850 against Zoe Marie Clarke, the owner of the automobile, and Oscar L. Clarke, Jr., her son, who was driving the car at the time. These defendants appealed.

The accident occurred in daylight on U. S. highway No. 6, a short distance north of Milford, on October 31, 1936, as the automobile was proceeding north, and plaintiff, who had ridden a bicycle into No. 6 from Pleasantdale road, had, apparently, from the evidence, crossed the east side of the paved highway in a slightly southwesterly direction. There is evidence that defendant driver saw her when she stopped at the pavement and was several hundred feet away, and when he realized that plaintiff was in danger applied his brakes and swerved to the left but struck her near the middle of the pavement. The automobile ran across the pavement, through a ditch about eight feet deep with sloping banks, and through a fence into the field west of the highway. The automobile was going 40 to 50 miles an hour. Plaintiff was grievously injured by being thrown 60 or 70 feet north along approximately the middle of the pavement.

There had been a former trial before the same judge, resulting in a verdict and judgment for defendants. The trial court set that verdict and judgment aside and ordered the new trial on which the judgment here is predicated. The records of both trials are before us for review. It is first claimed that the trial court erred in setting aside the first verdict and judgment and in granting a new trial.

The record does not show what reasons induced the trial court to set aside the first verdict and the judgment entered thereon at the same time the verdict was received. A trial court is invested with certain power and discretion in the conduct of a case tried before him that creates a rule somewhat different from that assumed by appellants. The burden is upon appellants to show affirmatively that the

discretion has been abused by the trial court. This rule was clearly expressed in *De Matteo v. Lapidus*, 116 Neb. 549, 218 N. W. 379, wherein this court said in the syllabus:

"An order of the trial court granting a new trial will not ordinarily be disturbed by this court, and not at all unless it clearly appears that no tenable ground existed therefor.

"In passing upon a motion for new trial by a *nisi prius* court, it is proper to consider conflicting and improbable evidence received upon the trial, together with all other facts, circumstances, conduct and events occurring during trial, as they appeared to the trial judge.

"An order granting a new trial by a *nisi prius* court which affords a litigant an opportunity to present his claims fairly in another trial will not be scrutinized as closely as would an order putting an end to his demands."

The foregoing case was used authoritatively in the more recent cases of *Clausen v. Omaha Loan & Bldg. Ass'n*, 131 Neb. 666, 269 N. W. 517; *Bonacci v. Cerra*, 134 Neb. 588, 279 N. W. 314.

Appellants having failed to show that "no tenable ground" induced the trial court to grant to plaintiff a new trial, we will not say that the trial court abused his discretion in granting a new trial.

Defendants complain and assign error in the refusal of the trial court to give their requested instruction No. 3 and particularly call attention to that phase of the instruction advising the jury that "there is no proof, to a reasonable certainty, of any permanent injury to the brain or nervous system of the plaintiff, and you shall award no damages therefor." This instruction was marked "Given as modified." By instruction No. 15 given by the court the jurors were instructed to take into consideration such injuries as were established by the evidence with reasonable certainty. It did not call particular attention to injuries to the head or brain or nervous system but left the jury to appraise damages for the injuries "established by the evidence." In view of the fact that there was evidence of a skull frac-

ture and of a nervous condition of the patient, we are of the opinion the instruction given by the court was proper and that he justly refused instruction No. 3, requested by defendants.

It is claimed by defendants that the verdict and judgment are excessive. There is ample evidence that plaintiff received a severe shock, causing unconsciousness for several days. One leg was badly fractured and had to be in a cast for weeks. It is larger than the other and causes her to "toe in" when walking. Her skull was fractured. Her injuries have made her nervous and forgetful. The natural curvature of her neck is marred. On the whole we are of the opinion the judgment is not excessive. It is

AFFIRMED.