DRYDEN & JENSEN, A CO-PARTNERSHIP, APPELLEES, V. CHARLES J. MACH, APPELLANT.

35 N. W. 2d 497

Filed January 10, 1949. No. 32480.

*Wade H. Ellis* and *George B. Clark,* for appellant.

*Dryden & Jensen* and *L. C. Hungerford,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

This was an action filed by plaintiff on November 2, 1945, to recover a balance of unpaid attorney's fees arising out of litigation wherein plaintiff was employed by and represented defendant.

The petition alleged in substance that defendant, by oral agreement, employed plaintiff on June 15, 1937, as attorneys to prepare and carry on certain described substantial litigation, in pursuance of which agreement plaintiff performed valuable services, thereby successfully terminating the litigation in September 1944. An itemized statement of the services rendered and the alleged reasonable value thereof was attached to and made a part of the petition, which prayed judgment for $420 as a balance due and unpaid.

On December 1, 1945, defendant answered, denying generally, and alleging that if he ever did owe plaintiff any money, a claim therefor was barred by the statute of limitations. However, as stated in defendant's brief: "The appellant does not deny that services were rendered by the appellees, but disputes the amount sought by the appellees. * * * appellant, denies that plaintiff's services were rendered for the period in question, and since certain sums had been paid for such services during the period the plaintiff was employed, that he, the appellant, is not indebted to the plaintiff in the sum as alleged, * * *."

The cause was set for trial to a jury on December 2, 1947. The transcript discloses that defendant and his attorney had due and proper notice thereof, but did not appear for the trial, whereupon a jury was impaneled, evidence was adduced, and on December 2, 1947, plaintiff was awarded a jury verdict for $420. Judgment on the verdict was filed December 22, 1947.

Defendant did not file a motion for new trial within 10 days as required by law, but waited until January 3, 1948, wherein he alleged among other things that illness of defendant, as supported by affidavit attached thereto, unavoidably prevented him from appearing or defending,

and that the verdict and judgment were contrary to law and not sustained by the evidence.

On March 10, 1948, defendant's motion for new trial was heard, whereat evidence was adduced, and the matter was argued and submitted to the trial court. By a journal entry dated March 10, 1948, and filed March 22, 1948, defendant's motion was overruled, for the reason that it was filed out of time and without sufficient showing that he was unavoidably detained or prevented from filing the same within 10 days after rendition of the verdict or date of entry of judgment thereon.

· Defendant made a cash deposit and filed notice of appeal in the office of the clerk of the district court on April 9, 1948. Praecipe for a bill of exceptions was filed April 17, 1948. Counsel for defendant received the bill of exceptions on May 22, 1948, but did not serve the same upon plaintiff until August 11, 1948, who returned it on August 12, 1948, with objections thereto in its entirety because the same was out of time. The trial court thus settled the bill of exceptions on August 21, 1948, and it was filed in this court on August 23, 1948.

On September 13, 1948, plaintiff filed in this court a motion to strike the bill of exceptions. Same was duly noticed for hearing, and after presentation thereof, on September 20, 1948, the motion was sustained on October 2, 1948, and the bill of exceptions was stricken because of failure of defendant to comply with the provisions of sections 25-1140 to 25-1140.07, R. S. Supp., 1947.

In that situation, there is no bill of exceptions in the record, and, since defendant's assignments of error all required an examination of the evidence adduced in the trial court for decision thereon, we have presented only the question of whether or not the pleadings supported the judgment.

In that connection, it was held in Joyce v. Tobin, 126 Neb. 373, 253 N. W. 413: "Where bill of exceptions has been quashed, it will be presumed that evidence supports finding of fact of trial judge.

"Without bill of exceptions, the only question which can be presented to this court is sufficiency of pleadings to support judgment."

Bednar v. Bednar, 146 Neb. 726, 21 N. W. 2d 438, reaffirmed the rule that where the record contains no authentic bill of exceptions, or the bill of exceptions has been quashed, no question will be considered, the determination of which necessarily involves an examination of the evidence adduced in the trial court, and in such a situation, if the pleadings are sufficient to support the judgment, it will be affirmed. See, also, Ratay v. Wylie, 147 Neb. 201, 22 N. W. 2d 622, and Gilmore v. State, 148 Neb. 10, 26 N. W. 2d 296.

In Adkisson v. Gamble, 143 Neb. 417, 9 N. W. 2d 711, it was said: "With the bill of. exceptions quashed, it must be presumed that the evidence supports the findings of fact made by the trial judge. * * * The time having elapsed for preparing, serving, settling and filing a proper bill of exceptions, the presumption that the record supports the findings of the trial court becomes conclusive. As the pleadings support the judgment, the appeal under such circumstances must be dismissed. Joyce v. Tobin, 126 Neb. 373, 253 N. W. 413."

The affidavit of defendant in support of his motion for new trial does appear in the transcript, but it cannot be considered here because of the well-established rule that this court will not review testimony in the form of affidavits used in the trial court on the hearing of a motion for new trial, unless such affidavits have been offered in evidence and appropriately included in and presented by a bill of exceptions. See, Gray v. Godfrey, 43 Neb. 672, 62 N. W. 41, and Duffy v. Scheerger, 91 Neb. 511, 136 N. W. 724.

We conclude that the pleadings in the case at bar were sufficient to support the judgment, and for the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.