Reversed.

Ed Robert, appellant, v. O. O. Hefner, appellee.

Filed April 23, 1908. No. 15,360.

Pleading: Demurrer. In determining whether a general demurrer should be sustained to an amended petition, which supersedes the petition originally filed in the case, the court will not look beyond the pleading against which the demurrer is directed.

APPEAL from the district court for Otoe county: PAUL JESSEN, JUDGE. *Reversed.*

*John C. Watson,* for appellant.

*Pitzer & Hayward* and *Byron Clark, contra.*

DUFFIE, C.

The opinion of Mr. Commissioner OLDHAM on a former appeal of this case will be found in *Hefner v. Robert,* 76 Neb. 192. On the case being remanded to the district court, Robert, the plaintiff, obtained leave to file an amended petition, which alleges the purchase of the horse, Girton Royal Tom, and the making of the written contract between the plaintiff and defendant containing the terms and the conditions of the sale. While this written contract is set out in full in the opinion of Mr. Commissioner OLDHAM, we insert it here for convenience of reference. It is as follows: "Omaha, Neb., March 24, 1902. This contract entered into by and between Ed Robert, of Guthrie Center, Iowa, and O. O. Hefner, of Omaha, witnesseth as follows: That O. O. Hefner has this day sold the imported shire horse, named 'Girton Royal Tom,' for the sum of $1,300, upon the following terms and divisions, payable $800 in one coach horse, $100 cash in hand, and $400 due in one year, with 6 per cent. interest from date. This contract notes that the horse, Girton Royal Tom, is blemished in hind leg. He further agrees that in case that the horse does not recover from this affliction he shall be turned back to O. O. Hefner for $600 cash in hand and Ed Robert's note of $400 of even date herewith, due in one year at 6 per cent. It is further provided that if horse recovers from blemished condition of hind leg, then Ed Robert shall pay to O. O. Hefner his promissory note of $400. O. O. Hefner, Ed Robert." The amended petition, after setting out a copy of the above contract, proceeds to allege that at the date of the contract he paid the de-

fendant for the horse as in the contract provided; that the horse did not recover, and has not recovered, from the blemish mentioned in the contract, and that prior to the commencement of the action he tendered the horse to the defendant, who refused to accept or receive him, and that such refusal was unconditional; that the horse was of no value to the plaintiff, was a great expense and trouble for his care and feed, and, being unable to sell him for any sum whatever, plaintiff, long after the commencement of the action, gave the horse away; that defendant on demand, after his refusal to receive back the horse, refused, and still refuses, to pay the plaintiff the sum of $600 mentioned in the contract, and to return to the plaintiff his note for $400, to his damage in the sum of $1,000, for which judgment is demanded, with interest and costs. A general demurrer to this amended petition was sustained by the court, and, the plaintiff electing to stand on said petition, judgment was entered dismissing his petition and taxing him with the costs. From this judgment plaintiff has appealed.

We understand, from brief of appellee and from the oral argument on the submission of the case, that the district court, in sustaining the demurrer, proceeded upon the theory that a demurrer searches the whole record, and that the record on the first trial was a part of the record which might be examined to determine the sufficiency of the amended petition; that the petition upon which the first trial was had asked a rescission of the contract, and the plaintiff, having elected to sue for a rescission of the contract, is barred of an action for damages. The rule that a demurrer searches the entire record applies only when a demurrer is filed to a pleading subsequent to the petition or declaration. Both by the common law and by our statute a petition is demurrable only when it appears on its face that it does not state a cause of action. In *Null v. Jones*, 5 Neb. 500, the first paragraph of the syllabus is in the following language: "In determining whether a demurrer should be sustained to an *amended*

*petition,* which covers the entire ground of the original, and takes its place, the court will not look beyond the pleading against which the demurrer is directed." Again, the rule is well established that a pleading which has been superseded by an amended pleading is only evidence of the facts therein alleged, and must be introduced as any other evidence in order to be considered. *Shipley v. Reasoner,* 87 Ia. 555. The reason for this is evident: A party may, through inadvertence, mistake, or misinformation, make admissions of facts which have no existence, or are inconsistent with the statements of his amended pleading. If the original pleading is before the court for its consideration, without being offered in evidence, the party making such admissions has no opportunity to explain the circumstances under which they were made, and is thus faced with an admission which might, perhaps, be easily explained and its force wholly avoided.

The petition on its face states a cause of action for damages, and the demurrer was not well taken; but, if it should be held that the demurrer required the court to examine the pleadings upon which the first trial was had, still we think it should have been overruled. Because of the claim made that the first action was one for rescission of contract, and because the opinion of Mr. Commissioner OLDHAM accepts it in that light, we have looked into the record of the former trial to ascertain if appellee's claim is well founded. The district court in its charge to the jury on the first trial, and the attorneys on their presentation of the case to this court, assumed that the action was one of rescission, and the commissioner in his opinion, as was perfectly justifiable under such circumstances, decided the case upon the theory upon which it was presented. The fact is, however, that the petition upon which the case was first tried is one for damages, and that, as we view it, was the only action which the plaintiff could bring under the contract. When the horse was sold, both parties knew of the blemish, and, while the plaintiff was willing to risk $300 upon the

chance that the blemish would disappear, he required that the defendant, in case the horse did not recover, should obligate himself to receive back the horse, pay him $600 in cash, and surrender his note for $400. The blemish did not disappear, or at least it is so charged, and the plaintiff, in strict pursuance of his contract, offered to return the horse to the defendant. The defendant refused to receive him, or to pay the plaintiff $600 in cash and surrender his note. In this condition of the case the plaintiff had but one remedy, a suit for damages for breach of contract. The only election which the contract allowed was in favor of the defendant. When an offer to return the horse was made, defendant had his election to receive the horse, pay $600, and surrender plaintiff's note for $400, or he could refuse to carry out his contract and drive the plaintiff to his action for damages for the breach. After exercising his election, and putting the plaintiff to his action for damages, it was too late to recant, and say that he would carry out the contract if the plaintiff would make another tender of the horse. The plaintiff was not required to make more than one tender, and if that was unconditionally refused he could do what he chose with the horse, being answerable for its value, and sue for a breach of contract by the defendant. We cannot see where plaintiff was possessed of any choice of action. The law afforded him but one remedy, an action for damages, and this he pursued.

On any theory that may be advanced, the district court erred in sustaining the demurrer and dismissing plaintiff's petition, and we recommend a reversal of the judgment and remanding the cause for further proceedings not inconsistent with this opinion.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED.