SMITH MOTORS, INCORPORATED, APPELLEE, V. NEW AMSTERDAM CASUALTY COMPANY, APPELLEE: CENTRAL SURETY AND INSURANCE CORPORATION, APPELLANT.

11 N. W. (2d) 73

FILED SEPTEMBER 24, 1943. No. 31629.

*Gaines & Shoemaker,* for appellant.

*George Boland, Fried & Mars* and *Kennedy, Holland, De-Lacy & Svoboda, contra.*

Heard before SIMMONS, C. J., PAINE, YEAGER and CHAPPELL, JJ., and TEWELL and LIGHTNER, District Judges.

SIMMONS, C. J.

The plaintiff here is a corporation engaged in the sale of new automobiles and the reconditioning and sale of used cars. The defendants are insurance companies doing business in the state of Nebraska.

This action was brought by the plaintiff, and heard by the court over the objections of the defendants, on the theory that it was one for a declaratory judgment to determine the liability of the defendant companies under policies of "garage liability" insurance issued to the plaintiff, and to recover for money spent and liabilities incurred in the defense of a suit by one Ethel Oberman against the plaintiff. The trial court dismissed the action against the defendant

New Amsterdam Casualty Company and found defendant Central Surety and Insurance Corporation liable and entered judgment against it. The Central Surety and Insurance Corporation appeals. It will be hereinafter referred to as the defendant. Plaintiff by its brief makes cross-appeal from the dismissal of the action against the New Amsterdam Casualty Company, but waived that cross-appeal at the bar of this court, and it will not be further considered. We reverse the judgment of the trial court and dismiss the action.

The Oberman suit against the plaintiff alleged in the original petition that on or about the 27th day of June, 1937, Ethel Oberman purchased from the plaintiff (defendant in that action), under written contract, a used automobile; that the plaintiff (defendant in that action) orally represented and warranted at the time of the purchase that the car was equipped with shatterproof glass; that the plaintiff (defendant in that action) knew that it was not so equipped; that Ethel Oberman relied upon the representations and warranties, purchased and used the car wholly ignorant and unaware of the fact that the windshield of the car was of ordinary glass. Ethel Oberman further alleged that on June 25, 1939, the car was involved in an accident and she was seriously injured by flying glass. She alleged further that the injury was the result of the windshield being of ordinary glass instead of shatterproof glass "as had been represented and warranted by defendant" and that "by reason of the aforesaid misrepresentation and breach of warranty" she sustained injuries and damage in the sum of $5,000. By assignment from her husband she sought recovery also of $527.25 for hospital and medical care, loss of services, etc.

The New Amsterdam Casualty Company had issued a "garage liability policy" which was in force on June 27, 1937, the date of the sale of the car.

The defendant had issued a "garage liability policy" effective from December 30, 1938, to December 30, 1939. The defendant was notified of the pendency of the suit, denied

liability and refused to defend. The plaintiff here defended the action. A demurrer to the original petition was sustained. An amended petition was filed by Ethel Oberman which retained the allegations of the original petition as to misrepresentations and warranties but added the further allegation that the plaintiff (defendant in that action) negligently sold and delivered the car to Ethel Oberman and negligently failed to give her notice of the ordinary glass in the windshield. The concluding allegation that Ethel Oberman was damaged by reason of the "misrepresentation and breach of warranty" was retained unchanged in the amended petition. A demurrer to this amended petition was filed and overruled.

An amended answer was filed in the Oberman action by the plaintiff which is hereinafter summarized. Notice of the amended pleadings was given to the defendant. After Ethel Oberman had testified briefly at the trial, plaintiff settled the Oberman suit by payment of $400 and $37 court costs. The record here does not contain a recital of the evidence in the original action, nor a copy of the judgment entered.

Defendant here pleads that the Oberman action was one based on a contract made before the issuance of its policy; that the liability of plaintiff to Ethel Oberman, if any, was not within the insuring clauses of defendant's contract and was specifically excluded therefrom and that the payment made to Mrs. Oberman was not for a liability imposed by law, but one made without respect to liability.

The insuring agreement of defendant's policy applicable here is: "To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of such of the operations hereinafter defined as are indicated by specific premium charge or charges in item 3 of the declarations."

The policy contains the following "Definition of Operations": "The ownership, maintenance, occupation or use of the premises herein designated, including the public ways immediately adjoining, for the purpose of an automobile dealer or repair shop, and all operations either on the premises or elsewhere which are necessary and incidental thereto, including repairs of automobiles or their parts, and ordinary repairs of buildings on the premises and the mechanical equipment thereof; and the ownership, maintenance or use of any automobile for any purpose in connection with the above defined operations, and also for pleasure use."

The policy further provides: "This policy does not apply * * * to any liability assumed by the insured under any contract or agreement."

To the defendant's contention that it had no policy liability on June 27, 1937, the plaintiff counters with the policy provision that: "This policy applies only to accidents which occur during the policy period," and contend that the "accident" occurred during the policy period. The question so presented we do not determine.

Plaintiff contends that the Oberman action against it was one "based on negligence in tort." We do not so construe the petition or amended petition in that action. The question is not what could have been the basis of the original action, but what was the basis of that action. The question is not was the plaintiff liable to Ethel Oberman in tort, but was her action in fact one in tort or on contract. We are not concerned here with possible errors of law made in the first trial.

Clearly the original petition was one based on misrepresentation and breach of warranty. The demurrer to it was on that ground, according to the testimony of plaintiff's attorney who handled the defense of the Oberman action. On that same theory a demurrer was made to the amended petition. Plaintiff's amended answer in the Oberman case was a general denial and admissions of capacities of parties; that it sold the car under a written contract; that it

had made no representation and warranty that the car was equipped with shatterproof glass and that its entire contract was the one in writing which had been attached to Ethel Oberman's amended petition; and that plaintiff had an opportunity to examine the car, used the same and assumed the risk. It specifically pleaded that there was no contract obligation such as Ethel Oberman alleged. It cannot now be heard to argue that what was in fact a contract action and so considered when tried, should have been and is now one in tort.

The policy here specifically excluded "liability assumed by the insured under any contract or agreement." In a somewhat similar case, *Omar Baking Co. v. Employers Liability Assurance Corporation,* 130 Neb. 365, 264 N. W. 873, we followed the established rule that "Where there is no uncertainty as to the meaning of an insurance contract, and the same is legal and not against public policy, it will be enforced as made" and, as there, so we hold here that "the loss sustained by plaintiff in paying damages for breach of its warranty was not one covered by the policy."

The case of *O'Toole v. Empire Motors, Inc.,* 181 Wash. 130, 42 Pac. (2d) 10, relied upon by the plaintiff is not in point here. There, in the principal action against the insured, the insured was found liable for negligence. The court held against the insurance carrier on two grounds, (1) that the action was one in fact based on tort and not on contract, and (2) that the insurance carrier (who had notice of the pendency of the principal action) was bound by the judgment in the original action "establishing negligence." Here we are presented with no such a record.

Plaintiff argues that the defendant relied upon an excluding clause in its contract, that it had the burden of proof on that issue and failed to meet it. We see no merit in this contention. True, defendant here pleaded the clauses of its contract set out above. It is also true that the plaintiff, at the trial, offered the contract in evidence, and that the pleadings in the original action, and other evidence referred to herein, were produced in plaintiff's case in chief. It

would merely have encumbered the record for defendant to have offered the evidence a second time.

The judgment against the defendant is reversed and the cause dismissed.

REVERSED AND DISMISSED.