IN RE ESTATE OF JOSEPH MCCLENEGHAN.
LESTER V. PULLIAM, ADMINISTRATOR DE BONIS NON WITH
WILL ANNEXED, APPELLEE, V. JOSEPH MCCLENEGHAN, JR.,
APPELLANT.

17 N. W. 2d 923

FILED MARCH 9, 1945. No. 31883.

*Wells, Martin & Lane,* for appellant.

*Ellick, Fitzgerald & Smith* and *William R. Patrick, con-tra.*

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is an appeal from a judgment of the district court dismissing plaintiff's petition on appeal from the county court after a motion to strike addressed thereto had been sustained and plaintiff had elected to stand thereon.

The second amended petition alleges that on and prior to May 12, 1942, Joseph McCleneghan, Jr., the plaintiff, and Joseph McCleneghan, Sr., were partners carrying on a livestock commission business at the Union Stock Yards in Omaha under the name of The Record Live Stock Commission Co. On May 12, 1942, Joseph McCleneghan, Sr. died. The plaintiff contends that as the sole surviving partner he is entitled to the possession of the assets and business of the partnership for the purpose of liquidation and distribution. One John A. Hart was appointed special administrator and on June 17, 1942, the will of Joseph McCleneghan, Sr. was admitted to probate and Hart was appointed executor of the estate. On May 18, 1942, the county court ordered Hart as special administrator to take possession of the business and assets of The Record Live Stock Commission Co., and to continue the business of the company. In compliance with this order Hart took possession of the property, assets and earnings of the partnership business up to and including September 5, 1942, when he resigned. During this period he collected funds from the partnership business in the amount of $3,777.40, $1,705.59 he paid out on claims on the order of the county court and $2,071.81 he retained in cash for distribution. Upon the resignation of Hart the county court appointed Lester V. Pulliam administrator *de bonis non* to complete the administration of the estate. Pulliam received the funds heretofore mentioned from Hart and now holds them subject to the order of the court. The petition alleges that plaintiff as the sole surviv-

ing partner has the duty of liquidating the affairs of the partnership and making distribution of the remaining assets, and is therefore entitled to the possession of the $3,-777.40 as against the administrator. The petition further alleges that the partnership was fully liquidated in December, 1942, and that nothing remained to be done except to arrive at an accounting between the plaintiff as the sole surviving·partner and the administrator of the estate. It is further alleged that at a hearing duly had in the county court on September 28, 1943, a full accounting of the affairs of the partnership was had which was approved by the administrator and the county court. It was therein determined that the administrator held $3,777.40, which constituted the sole assets of the partnership and out of which the estate was entitled to $1,112.71 and the plaintiff to $2,664.69. This is the order from which this appeal was taken. Demand has been made for the payment of the funds above set out and the administrator has failed to pay the same or any part thereof to the plaintiff. The petition prays that the court order a distribution in accordance with the accounting had in the county court, or, if the court finds that a proper accounting has not been had, that a proper accounting be made and a- distribution of assets ordered pursuant thereto. To this second amended petition the administrator filed a motion to strike, which was sustained and, plaintiff electing to stand thereon, the action was dismissed. Plaintiff contends that the trial court committed error in so doing.

The record shows that plaintiff filed his petition in the district court, after lodging his appeal there, on November 13, 1943. A general demurrer thereto was sustained on January 10, 1944. On the same day an amended petition was filed. The defendant moved to strike the amended petition on January 29, 1944. On April 10, 1944, this motion was sustained for the reason that the matters set forth in the amended petition were essentially the same facts pleaded in the original petition to which a demurrer had been sustained. On June 7, 1944, a second amended petition was

filed. On June 22, 1944, a motion to strike the second amended petition was filed and on July 22, 1944, the motion to strike was sustained for the reason that the second amended petition was essentially the same as the original petition to which a general demurrer had been sustained.

When a petition is filed to which a demurrer is sustained and with leave of court an amended petition is filed containing substantially the same allegations as the original petition, the proper practice is to call the matter to the attention of the court by motion to strike such amended petition from the files. *Clark v. Lincoln Liberty Life Ins. Co.,* 139 Neb. 65, 296 N. W. 449; *Loghry v. Fillmore County,* 75 Neb. 158, 106 N. W. 170. It is error, however, to strike such an amended petition if it is materially different from the original and states a cause of action. *Wheeler v. Barker,* 51 Neb. 846, 71 N. W. 750; *Brandeen v. Beale,* 117 Neb. 291, 220 N. W. 298. We are satisfied that the allegations of the second amended petition are materially different from the original and that it could not be properly stricken on that ground. The question to be determined is whether plaintiff's second amended petition states a cause of action.

The administrator contends that the petition contains two causes of action; one upon a personal oral promise of Joseph McCleneghan, Sr., to pay a bank overdraft of The Record Live Stock Commission Co. in the amount of $1,979.89 on February 1, 1938, the date of the formation of the partnership; the other, equitable in nature, seeking an accounting of the earnings of the partnership after the death of Joseph McCleneghan, Sr. The difficulty with defendant's position is that the second amended petition makes no mention of the aforesaid items or of the transactions out of which they arose. The petition merely alleges that Hart took possession of the assets of the partnership which amounted to $3,777.40, alleges that they legally belonged to the plaintiff as the surviving partner for purposes of liquidating the affairs of the partnership and of making distribution of the remaining assets. Under the applicable statute, section 30-503, Comp. St. 1929, it was the duty of

the surviving partner to make settlement of the affairs of the partnership with the administrator of the estate and submit such settlement to the county court for approval, correction or disallowance. We find no allegations in the second amended petition consistent with defendant's position that two causes of action are pleaded therein, one of which is shown on the face of such petition to be barred by the statute of limitations and the statute of nonclaim. The fact is that plaintiff's second amended petition does not break down the item of $3,777.40, no date is set out with reference thereto, nor is any statement made therein from which it can be inferred that the four-year statute of limitations had run against any part of the amount or that any part of it was barred by the statute of nonclaim.

Defendant urges that in determining whether the second amended petition states a cause of action, the court will take judicial notice of the facts pleaded in the petitions previously filed and of the facts appearing in the transcript from the county court. In this we think the defendant is in error. The rule is that, in determining whether an amended petition states a cause of action, the court will not look beyond the pleading against which the demurrer or motion is directed. In *Robert v. Hefner*, 81 Neb. 460, 116 N. W. 36, this court said: "We understand, from brief of appellee and from the oral argument on the submission of the case, that the district court, in sustaining the demurrer, proceeded upon the theory that a demurrer searches the whole record, and that the record on the first trial was a part of the record which might be examined to determine the sufficiency of the amended petition; that the petition upon which the first trial was had asked a rescission of the contract, and the plaintiff, having elected to sue for a rescission of the contract, is barred of an action for damages. The rule that a demurrer searches the entire record applies only when a demurrer is filed to a pleading subsequent to the petition or declaration. Both by the common law and by our statute a petition is demurrable only when it appears on its face that it does not state a cause of action. * * *

Again, the rule is well established that a pleading which has been superseded by an amended pleading is only evidence of the facts therein alleged, and must be introduced as any other evidence in order to be considered. *Shipley v. Reasoner*, 87 Ia. 555. The reason for this is evident: A party may, through inadvertence, mistake, or misinformation, make admissions of facts which have no existence, or are inconsistent with the statements of his amended pleading. If the original pleading is before the court for its consideration, without being offered in evidence, the party making such admissions has no opportunity to explain the circumstances under which they were made, and is thus faced with an admission which might, perhaps, be easily explained and its force wholly avoided." See, also, *State ex rel. Johnson v. Consumers Public Power District*, 142 Neb. 114, 5 N. W. 2d 202; *In re Estate of Statz*, 144 Neb. 154, 12 N. W. 2d 829. In the latter case we said: "A demurrer to a petition admits only facts well pleaded therein and the court will not consider extrinsic facts admitted or alleged by the parties or their counsel. As a general rule only the demurrer and the pleading demurred to may be considered in passing thereon. *Griffin v. Gass*, 133 Neb. 56, 274 N. W. 193. * * * When a petition is filed alleging an original cause of action directed against administration proceedings to obtain relief by the application of equitable principles, on demurrer thereto, other records in the probate proceeding which are not a part of the petition or demurrer are not before the court until some issue of fact or law is properly raised requiring an investigation thereof. *Genau v. Abbott*, 68 Neb. 117, 93 N. W. 942. Therefore, whether as contended by appellee, the executor had filed a full and final report and account as executor, obtained decree of final settlement and distribution to him as trustee, was finally discharged as executor and served thereafter as trustee under the will, depriving the county court of jurisdiction, is a factual and legal question which cannot be determined by this court upon demurrer to the petition." We think the rule is clear that the court will not ordinarily go beyond the pleading

questioned in determining whether a cause of action is stated. If the transcript on appeal, or previously filed petitions, contains statements tending to support defendant's position, they may be introduced as evidence on the trial, but they may not be considered in determining whether a cause of action has been stated in the amended petition on which the plaintiff elected to stand.

We are not unmindful of the rule that a party may at any and all times invoke the language of his opponent's pleading as rendering certain facts indisputable and, in doing this, he is neither required nor allowed to offer the pleading in evidence in the ordinary manner,—it is a part of the proceedings without being introduced in evidence. *Bonacci v. Cerra*, 134 Neb. 476, 279 N. W. 173; *Gibson v. Koutsky-Brennan-Vana Co.*, 143 Neb. 326, 9 N. W. 2d 298. A careful reading of the foregoing cases will reveal that this rule applies only to statements in the pleadings upon which the case is tried. It has no application to statements contained in pleadings which have been superseded by amended pleadings as in the case at bar.

The defendant relies strongly upon the case of *Witzenburg v. State*, 140 Neb. 171, 299 N. W. 533, wherein it is stated that the general rule is that, while a court will take judicial notice of its own records, it will not in one case take judicial notice of the records in another case. We think that case and the cases cited in support of the rule indicate that it has no application to the rule herein announced. The rule in those cases indicates that this court will take judicial notice of final orders of this court made in the same case on a former appeal or in other cases which are so interdependent as to warrant the application of the rule. These are exceptions to the general rule warranted from the necessity of giving effect to former holdings which finally decide questions of fact and law. The rule established by the *Witzenburg* case does not and was never intended to apply to the situation now before us.

The administrator further contends that, in the consideration of the question whether the second amended petition

states a cause of action, the court will take judicial notice of the matters contained in the transcript on appeal. This contention applies particularly to the question whether the second amended petition shows on its face that the cause of action is barred on the ground that it had previously been adjudicated. The judgment urged as constituting *res adjudicata* is not pleaded or mentioned in the second amended petition. It appears only in the transcript of the proceedings had in the county court. We think the correct rule is stated in *Genau v. Abbott*, 68 Neb. 117, 93 N. W. 942, wherein we said: "Neither the fact that the petition may be informal or open to objection in respect of particular allegations, nor the fact that the record in the probate proceedings attacked may disclose facts at variance with some of its allegations, affords any ground of demurrer or warrant for striking it from the files."

Giving effect to the principles of pleading herein announced, it is evident that the second amended petition does not show on its face that the cause of action is barred by the statute of limitations, the statute of nonclaim or *res adjudicata*. It is not urged that the second amended petition fails to state a cause of action for any other reason. Under such circumstances the trial court erred in sustaining defendant's motion to strike and in dismissing the action.

REVERSED.