DANIEL J. HORRIGAN, APPELLANT, v. THOMAS F. QUINLAN
ET AL., APPELLEES.
31 N. W. 2d 430

Filed March 19, 1948. No. 32410.

*Donovan & Frohm,* for appellant.

*Harry Silverman* and *Richard A. O'Connor,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

Plaintiff Daniel J. Horrigan appeals from the order of the district court for Douglas County sustaining the defendants' general demurrers to his third amended petition and dismissing his action. The nature of the action alleged is a conspiracy to defraud.

Appellant filed his original action on December 12, 1942, and summons was served upon each of the defendants as of December 14, 1942. The original action was against Thomas F. Quinlan, doing business as T. F. Quinlan & Sons, Midland Realty Company, a corporation, and Robinette Malone. Thomas F. Quinlan died before the third amended petition was filed and the action was never revived against his legal representatives.

The action was filed within the time as limited by section 25-207, R. S. 1943, which, insofar as here material, provides: "The following actions can only be brought within four years: * * * (4) an action for relief on the ground of fraud, * * *."

Thereafter, on June 11, 1947, appellant filed his third amended petition based on the same cause of action. The appellees' general demurrers thereto were sustained and the action dismissed. It is from this ruling that the appeal was taken. The third amended petition was filed more than four years after the cause of action arose.

We stated in Bend v. Marsh, 145 Neb. 780, 18 N. W. 2d 106: "Where it appears from the statement of facts in the petition that the cause of action is on its face barred by the statute of limitations, and there are no allegations tolling the statute, a demurrer can be prop-

erly interposed to such cause of action." And, in In re Estate of McCleneghan, 145 Neb. 707, 17 N. W. 2d 923, we stated: "In determining whether an amended petition states a cause of action the court will not ordinarily look beyond the pleading against which the attack is directed."

It is the appellees' thought, in view of these holdings, that the court is limited to the allegations of the third amended petition in determining whether or not the appellant's cause of action is barred by the statute of limitations applicable thereto. However, this court has often held: "The statute of limitations does not run against an amended pleading wherein the amendment consists in setting forth a more complete statement of the original cause of action." Norfolk Beet-Sugar Co. v. Hight, 59 Neb. 100, 80 N. W. 276. See, also, Chicago, R. I. & P. Ry. Co. v. Young, 67 Neb. 568, 93 N. W. 922; Duffy v. Scheerger, 91 Neb. 511, 136 N. W. 724; Witt v. Old Line Bankers Life Ins. Co., 92 Neb. 763, 139 N. W. 639; Kennedy v. Potts, 128 Neb. 213, 258 N. W. 471; Macumber v. Gillett, 138 Neb. 714, 294 N. W. 854.

In view thereof it is clear that the appellant's cause of action has not been barred by the statute of limitations applicable thereto.

As to whether or not the third amended petition alleges facts sufficient to constitute a cause of action, the rule applicable thereto is stated in Meeske v. Baumann, 122 Neb. 786, 241 N. W. 550, as follows: "A petition challenged by demurrer charges what by reasonable and fair intendment may be implied from the facts stated."

Examining the appellant's third amended petition in the light thereof we find it states a good cause of action for if appellant can establish, by competent proof, that he lost his property to the appellees in the manner as therein set forth then he was defrauded thereof and is entitled to recover.

The action of the trial court is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.