## 38401. AETNA CASUALTY & SURETY COMPANY v. STARRETT.

Decided July 13, 1960—Rehearing denied July 26, 1960.

T. J. Long, James M. Roberts, for plaintiff in error.

Northcutt, Edwards & Johnston, W. S. Northcutt, contra.

TOWNSEND, Judge. ■ The insurance contract provides that it "does not apply to any business pursuits of an insured except (a) in connection with the conduct of a business of which the named insured is the sole owner." Since it appears from the manner in which the plaintiff designates himself that he as an individual is doing business as Starrett Plumbing Company, injuries resulting from his carrying on of this trade, if otherwise within the policy provisions, are not excluded because done in the course of a trade or business, the word business being defined to include a trade, profession, or occupation.

■ "The negligence of the insured does not prevent an injury from being accidental unless so provided in the policy where the insured has no intention of producing the injury." *Life &c. Ins. Co. of Tenn. v. Benion*, 82 Ga. App. 571 (2) (61 S. E. 2d 579). Accordingly, the loss here is one caused by accident within the meaning of the insuring agreement.

■ In *Hodges v. Ocean Accident &c. Corp.*, 66 Ga. App. 431, 433 (18 S. E. 2d 28) it was held: "The policy here provides that the insurer contracts 'To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages . . . sustained by any person or persons caused by accident and arising out of the ownership, maintenance, or use of the automobile.' Such a contract has been held to be a contract to pay liabilities. It is not simply a contract of indemnity. It is more. It is also a contract to pay liabilities. The difference between a contract of indemnity and one to pay legal liabilities is that, upon the former, an action can not be brought and a recovery had until liability is discharged; whereas, upon the latter the cause of action is complete when the liability attaches." The contract in the present case contains substantially the same wording, and also an agreement "to defend any suit against

the insured alleging such injury . . . or destruction and seeking damages on account thereof, even if such suit is groundless, false, or fraudulent." Thus, the policy is a liability, and not merely an indemnity policy, and accordingly, under the decision in the *Hodges* case "the insurer is liable, on the theory that the amount of the policy up to the extent of the liability incurred by the insured on account of the accident becomes, immediately upon the happening of the event upon which the liability depends, an asset of the insured, which, in the absence of any provisions to the contrary in the policy, may be assigned by him or taken for his debt." It is thus not the judgment against the insured, but the happening of the event on which the judgment is predicated, which fixes the liability of the insurer, and that liability attaches as of the time of the injury, not as of the time of the judgment.

It is important to make this distinction because the defense of the insurance company here is based squarely on the proposition that, while Starrett might have committed a negligent tort on Ager which, had Ager directly sued him, would have been covered under the terms of the policy, nevertheless the action as brought was not brought in tort by Ager but in contract for breach of warranty by Hiers suing for the use of Ager, and that the liability for which judgment was entered in that case was in fact predicated on contract rather than on the tort. The distinction lies in the fact that the injury resulted from a breach of duty imposed by law rather than by contract, that is, the duty not to injure another man's property through negligence, and on that act the insurance company was bound under its contract to defend. Had its liability been merely to indemnify this plaintiff against a judgment in tort rendered against him, the decision might be different; however, its agreement was to pay that which he became legally obligated to pay because of the injury, provided the liability was not a "liability assumed by the insured under any contract or agreement." The liability here arose, not from the contract, but from the injury and the manner of its commission. That Hiers, by virtue of a contract, was able to sue for the use of Ager where Ager might equally have sued in tort for his own use, is of no importance, since

the company's obligation arose on the occurrence of the event and not merely on the payment of the judgment. For similar cases from other jurisdictions where a similar result has been reached, see United States Fidelity & Guaranty Co. v. Va. Engineering Co., Inc., 213 F. 2d 109 (63 A. L. R. 2d 1114 and annotation); Board of Trade Livery Co. v. Ga. Casualty Co., 160 Minn. 490 (200 N. W. 633); Thurston v. Northern Navigation Co., 205 Mich. 278 (171 N. W. 423); Dean v. McLean, 48 Vt. 412 (21 Am. Rep. 130). The plaintiff in error cites Smith Motors v. New Amsterdam Casualty Co., 143 Neb. 815 (11 N. W. 2d 73), and it is true that the decision as written in that case is based on an estoppel which the court construed to result from the insured's defense of the suit against him on the theory that it was based on contract, the court then holding that liabilities assumed by contract were excluded. A reading of that case discloses that the loss was in fact excluded from the garage liability policy in question because it was not included in the "operations" insured. Insofar, however, as that decision is determined by the form of action which a third person may elect to use in suing the insured, where such action may be brought in either tort or contract and the insured has no right to say in which form he shall be sued, it will not be followed by this court.

The trial court did not err in overruling the general demurrers to the petition.

■ Special demurrers 2, 3, 4, 5, and 6, complain that certain parts of the petition alleging that the petition in Hiers for use v. Starrett, attached to this petition as an exhibit, shows that this plaintiff committed a tort on the usee Ager should be stricken as conclusions. These conclusions being supported by the factual allegations contained in the exhibit, these demurrers are without merit.

■ Special demurrers 7 and 8 attack the allegations of the petition that the failure of the insurance company to defend and pay the claim in the first instance was in bad faith, and seeking penalty and attorney fees for this action. The insurer having a duty to defend even a groundless action, and the coverage under the facts alleged in the petition being shown to exist as a matter of law, the petition presents a question for the jury if supported

by evidence as to whether or not the insurance company's failure to defend was in bad faith.

The trial court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*