AGNES WAAK, THROUGH AND BY HER DAUGHTER AND NEXT FRIEND, RACHEL MULLER, APPELLANT, V. NATIONAL BANKERS LIFE INSURANCE COMPANY, APPELLEE.

141 N. W. 2d 454

Filed April 8, 1966.   No. 36206.

Homer E. Hurt, Jr., and Eugene R. Retz, for appellant.

Richards, Yost & Schafersman, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BURKE, District Judge.

CARTER, J.

This is an action to recover benefits under an insurance policy indemnifying the insured for losses as speci-

fied therein, caused by accidental bodily injuries or sickness. The defendant answered and denied generally the allegations of plaintiff's petition. Defendant subsequently filed a motion for summary judgment which the trial court sustained. Plaintiff has appealed from the sustaining of the motion for summary judgment and the dismissal of her petition.

On December 3, 1955, the defendant issued its policy of insurance to the plaintiff, insuring her against specified losses caused by accident or sickness. All premiums were paid until November 18, 1963, at which time defendant terminated the policy. On June 26, 1963, plaintiff was confined by illness within the Dodge County Memorial Hospital. The defendant made the following payments under the insurance policy: September 9, 1963, $300.25; October 28, 1963, $185; December 10, 1963, $370; a total of $855.25. Plaintiff alleges that $1,525 remains due and unpaid for which defendant admits that claims have been timely filed.

The insurance policy contains the following provisions: "If such injury or such sickness requires the Insured or any member of the Family Group to be confined as a bed patient within a regularly incorporated or licensed hospital recognized as such by the American Hospital Association, the American Medical Association or the American Osteopathic Association (except sanitoriums, convalescent homes, health resorts, charitable institutions or hospitals which are agencies of the Federal Government), while this policy is in force, the Company will pay, as a result of any one disability, the Insured (or the Hospital, if authorized by the Insured to do so) for the following items of hospital expense actually incurred, but not to exceed the amounts stated below: (a) Hospital Room, including meals and general nursing care not to exceed $10.00 per day and not to exceed 365 days as the result of any one disability." Other scheduled expenses for which the company agrees to pay are then listed, which are not material to the present appeal.

Plaintiff entered the hospital on June 26, 1963, suffering from Parkinson's Disease. She remained in the acute section of the hospital until July 26, 1963, when she was removed into another part of the hospital building designated in the record as the Annex, where she still remained at the time of trial. It is the contention of the insurance company that the Annex is a convalescent home within the exclusionary provision heretofore quoted from the policy and for this reason refused payment on plaintiff's claims covering the period she was occupying the Annex. It was stipulated that plaintiff has been paid the amounts due under the policy for the time she was a patient in the acute section of the hospital. The only issue raised by the appeal is whether or not the Annex is a hospital or a convalescent home within the provisions of the insurance policy.

The Dodge County Memorial Hospital is owned and operated by Dodge County. It is under a single roof, although it has different departments or sections used for specific purposes. It has one board of directors of three members and one administrator who superintends the whole operation. All accounts are paid at a central office and admissions and discharges are handled in the same office. The hospital is licensed by the state as a hospital under a single license. Although convalescent homes are required to be licensed in this state, the Dodge County Memorial Hospital does not have, nor is it required to have, such a license.

The method of operating the facility is shown in the evidence of Lloyd N. Hermanson, the hospital administrator charged with the management of the institution. He testified that the hospital provides two general degrees of care, the acute care in one portion and convalescent care in the other. There is evidence that the part referred to as the Annex resembles a convalescent home, according to the care it provides. But we think the policy refers to places where care is provided rather than to the service given to the patient. In other words,

the policy contract provides for care provided by a qualified hospital and excludes that provided by sanitoriums, convalescent homes, health resorts, charitable institutions, or hospitals operated by the federal government. While it may be, and is apparently true, that the type of service rendered in the Annex is similar to that rendered by some of the excluded facilities, this is not a controlling factor. If the care is given by a hospital qualified under the terms of the policy, and it is not questioned that Dodge County Memorial Hospital is so qualified, the basis of liability under the terms of the insurance policy exists.

In interpreting a policy of insurance it will be given its ordinary meaning. It should be construed to give effect to the intent of the parties at the time it was made. Garrelts v. Department of Motor Vehicles, 176 Neb. 220, 125 N. W. 2d 678; Koehn v. Union Fire Ins. Co., 152 Neb. 254, 40 N. W. 2d 874. In the last-cited case this court said: "An insurance policy should be construed as any other contract to give effect to the intent of the parties at the time it was made. The language should be considered not in accordance with what the insurer intended the words to mean, but what a reasonable person in the position of insured would have understood them to mean. If the contract was prepared by the insurer and contains provisions reasonably subject to different interpretations, one favorable to the insurer and one advantageous to the insured, the one favorable to the latter will be adopted."

The insurance company wrote the policy in the instant case. Admittedly, an argument can be made in support of each of the claimed interpretations here made. Under the circumstances shown, the court should construe the policy against the insurance company.

The same question arose in Rew v. Beneficial Standard Life Ins. Co., 41 Wash. 2d 577, 250 P. 2d 956, 35 A. L. R. 2d 891. It was therein held that the question, of whether or not Valley View Convalescent Home involved in that

.case was a hospital within the coverage of the policy, was one of law. It was there held that the convalescent home, although performing some services usually performed in hospitals, was not a hospital but was a convalescent home within the exclusionary clause of the policy. The effect of this holding is that it is not the service performed that determines the question, but rather the place where it is performed that determines the issue of liability. In the instant case, the service was performed in the Dodge County Memorial Hospital and not in a sanitorium, convalescent home, health resort, charitable institution, or hospital operated by the federal government as those terms are used in the exclusionary terms of the policy. If the insurance company had intended to exclude any room, section, or department of a recognized and licensed hospital from the coverage of the policy, it could have so provided in clearly expressed terms. We think it is a reasonable construction of the policy to say that the coverage includes all services rendered by a licensed hospital, and does not include services rendered by other institutions, private or public, that were specifically named in the exclusionary provision of the policy.

We conclude that the trial court was in error in holding that the plaintiff was being cared for after July 26, 1963, in a convalescent home within the meaning of the contract of insurance. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.